# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JONATHAN NEIL AND ASSOCIATES, INC.,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00675-LJO-SAB<br><br>ORDER GRANTING IN PART DEFENDANT'S REQUEST TO SEAL<br><br>(ECF No. 21) |

　　　　Defendant filed a notice of request to seal documents on February 2, 2018. (ECF No. 21.) On September 22, 2017, the Court entered the parties' stipulated protective order in this action. (ECF No. 12.) The order addressing the protective order informed the parties that a "party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion." (Id. (quoting Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009)).

　　　　Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447

1  F.3d at 1172. The court has recognized a category of documents that is not subject to the right of
2  public access because the documents have "traditionally been kept secret for important policy
3  reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Since
4  resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's
5  understanding of the judicial process and of significant public events[,]' . . . 'compelling reasons'
6  must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at
7  1179. However, where the request to seal addresses "private materials unearthed in discovery" a
8  different standard applies. Pinto, 605 F.3d at 678.

9  Here, Defendant seeks to seal its responses to Plaintiff's special interrogatories and
10 opposition to Plaintiff's motion for class certification. Defendant states that the parties
11 protective order provides that the documents contain information that has been designated as
12 confidential pursuant to the parties protective order. However, a blanket protective order does
13 not establish good cause to file documents under seal, or meet the higher compelling reasons
14 standard. See Foltz, 331 F.3d at 1130. This Court did not make findings of good cause as to any
15 document in the litigation and specifically informed the parties that they would be required to
16 show good cause or compelling reasons to file any documents under seal. (ECF No. 12.)

17 Defendant has provided a declaration of CEO John Student asserting that disclosure of
18 the net worth of Johnathan Neil and Associates should not be made available to its competitors
19 and if such information is made available it could result in a loss of business. The Court finds
20 that Defendant has shown good cause to protect the net worth of Jonathan Neil and Associates.
21 However, the documents that Defendant is seeking to seal contains significantly more than
22 merely the net worth of the company and there has been no justification to seal the documents in
23 their entirety. Further, the discovery responses are already filed in the record with only the net
24 worth redacted. Therefore, the Court finds that the motion to seal shall be granted in part, and
25 Defendant' net worth shall be redacted from any documents filed in the record.

26 Accordingly, IT IS HEREBY ORDERED that:
27   1.   Defendant's request to seal documents is GRANTED in part;
28   2.   The parties shall redact Defendant's net worth, and those calculations that indicate

2

the defendant's net worth, from documents filed in the record;

3. The Office of the Clerk is DIRECTED to file Defendant Jonathan Neil & Associates, Inc.'s Request to Seal Documents and the Declaration of John Student in the record on February 2, 2018;

4. The Office of the Clerk is DIRECTED to file the unredacted documents under seal; and

5. Plaintiff shall file a redacted reply within twenty-four hours of entry of this order.

IT IS SO ORDERED.

Dated: **February 8, 2018**

UNITED STATES MAGISTRATE JUDGE