# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN NEIL AND ASSOCIATES, INC.,<br><br>    Defendant. | Case No. 1:17-cv-00675-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND VACATING SEPTEMBER 7, 2018 HEARING<br><br>(ECF Nos. 50, 51) |

Plaintiff Teri Brown ("Plaintiff"), individually and on behalf of all others similarly situated, filed this action on May 16, 2017, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692g et seq., and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Cal. Civ. Code § 1788 et seq. Currently before the Court is Plaintiff's second motion for class certification.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on September 7, 2018 will be vacated and the parties will not be required to appear at that time.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Sometime prior to March 14, 2017, Plaintiff allegedly incurred an obligation to Mercury Casualty Insurance. (Compl. ¶ 23.) Around March 14, 2017, Defendant Jonathan Neil and

1

Associates, Inc. ("Defendant") sent Plaintiff a letter regarding the debt owed to Mercury Casualty Insurance. (Compl. ¶ 29.) Plaintiff received the letter where the subject line states "RE: MERCURY CASUALTY INSURANCE". (Compl. ¶¶ 31, 32.)

On May 15, 2017, Plaintiff filed this action alleging violations of the FDCPA and RFDCPA. (ECF No. 1.) Defendant filed an answer on June 22, 2017. (ECF No. 7.) On July 28, 2017, a scheduling order issued in the action. (ECF No. 10.)

On January 12, 2018, Plaintiff filed a motion for class certification. (ECF No. 19.) Defendant filed an opposition on January 31, 2018. (ECF No. 20.) On February 9, 2018, the Court granted in part Defendant's motion to seal. (ECF No. 22.) Plaintiff filed a reply on February 9, 2018. (ECF No. 24.) Hearing on the motion was held on February 14, 2018, and the parties were ordered to file supplemental briefing. (ECF Nos. 26, 27.) On March 22, 2018, the parties filed a notice of settlement. (ECF No. 30.)

On March 7, 2018, the parties filed a joint motion for preliminary approval of the class action settlement. (ECF No. 32.) On June 5, 2018, an order issued finding the settlement was not fair, adequate, and reasonable and the joint motion for preliminary approval was denied. (ECF No. 38.) On August 10, 2018, Plaintiff filed a second motion to certify the class. (ECF No. 50.) On August 24, 2018, Defendant filed a statement of non-opposition to the motion to certify the class. (ECF No. 51.)

## II.

## LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure governs certification of the class in a class action. The plaintiff seeking class certification bears the burden of demonstrating that each of the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) have been met. Ellis v. Costco Wholesale Corp., 657 F.3d 970, 979 (9th Cir. 2011). Rule 23(a) requires the party seeking class certification to establish that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the

class.

Fed. R. Civ. P. 23(a). These four requirements are referred to as "numerosity, commonality, typicality and adequacy of representation." Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1028 (9th Cir. 2012); Bias v. Wells Fargo & Co., 312 F.R.D. 528, 534 (N.D. Cal. 2015). The district court must perform "a rigorous analysis" of each of the Rule 23(a) factors in determining whether the requirements of Rule 23 have been satisfied. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011); Ellis, 657 F.3d at 980.

To certify a class under Rule 23(b)(3), the court must find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "The shared legal or factual issues must be of sufficient importance to the case that the Court is convinced that the most efficient, fair, and sensible method of adjudication is through a class action." Bias, 312 F.R.D. at 534. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998). The Ninth Circuit has held that there is clear justification to allow a representative action when "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication. . . ." Mazza v. Am. Honda Motor Co., 666 F.3d 581, 589 (9th Cir. 2012) (quoting Hanlon, 150 F.3d at 1022 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1778 (2d ed.1986)).

### III.

### DISCUSSION

Plaintiff seeks to certify a class which is defined as:

> All consumers with an address in Kern County, California, who, beginning May 16, 2016 through and including the final resolution of this case, were sent an initial letter from Defendant attempting to collect a consumer debt allegedly owed to Mercury Casualty Insurance, which stated "Re: Mercury Casualty Insurance" without specifically identifying that entity as the 'current creditor' or as the Defendant or as the Defendant's 'client'.

(Memorandum of Law in Support of Plaintiff's Motion for Class Certification 22, ECF No. 50-

1.)

**A.   Rule 23(a) Criteria**

The Court first considers whether Plaintiff has met her burden to demonstrate that the requirements of numerosity, commonality, typicality and adequacy of representation have been satisfied.

   1.   <u>Numerosity</u>

Plaintiff seeks to certify a class of individuals residing in Kern County who received similar letters. The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no absolute limitation on the number of class members needed to determine there is numerosity. <u>Schwarm v. Craighead</u>, 233 F.R.D. 655, 660 (E.D. Cal. 2006).

Plaintiff has produced evidence that there are 281 class members in Kern County. (December 28, 2017 email from Chris Egan, ECF No. 50-6.) The number of individual class members in this instance exceeds the number that has been found to be so numerous that joinder of all members would be impracticable. <u>See</u> <u>Evon</u>, 688 F.3d at 1028 (district court did not abuse its discretion in finding that class of 262 potential members satisfied the numerosity requirement); <u>Celano v. Marriott Int'l, Inc.</u>, 242 F.R.D. 544, 549 (N.D. Cal. 2007) ("courts generally find that the numerosity factor is satisfied if the class comprises 40 or more members"); <u>Cervantez v. Celestica Corp.</u>, 253 F.R.D. 562, 569 (C.D. Cal. 2008) ("Courts have held that numerosity is satisfied when there are as few as 39 potential class members").

The class of 281 members satisfies the numerosity requirement. <u>See</u> <u>Campion v. Credit Bureau Servs., Inc.</u>, 206 F.R.D. 663, 675 (E.D. Wash. 2001) (finding 250 individuals sufficient to meet numerosity requirement).

   2.   <u>Commonality</u>

The commonality requirement is satisfied where "there are questions of law or fact that are common to the class." Fed. R. Civ. P. 23(a)(2). Courts construe Rule 23(a)(2)'s commonality requirement permissively. <u>Cervantez</u>, 253 F.R.D. at 570. "[T]he key inquiry is not whether the plaintiffs have raised common questions," but "whether class treatment will

'generate common answers apt to drive the resolution of the litigation.' " Arredondo v. Delano Farms Co., 301 F.R.D. 493, 503 (E.D. Cal. Feb. 21, 2014) (citations omitted). Commonality is not required for all of the claims. It is sufficient if there is one single issue common to the proposed class. True v. American Honda Motor Co., 749 F.Supp.2d 1052, 1064 (C.D. Cal. 2010).

Plaintiff contends that each class member in this action received as substantially identical letter that identified the current creditor in the same inadequate manner. Therefore, Plaintiff argues that each class member was a victim of improper collection activity and was victimized by the same or substantially similar illegal conduct.

Plaintiffs have sufficiently shown that they suffered a common injury which is capable of resolution on a class wide basis. Wal-Mart Stores, Inc., 564 U.S. at 350. The complaint alleges that the class members have all suffered the same legal injury, receiving a substantially similar debt collection letter that violates the FDCPA by not identifying the current creditor.

The letter received by Plaintiff stated "RE: MERCURY CASUALTY INSURANCE" in the subject line. (ECF No. 50-4.) In response to a special interrogatory, the defendant stated that similar letters were sent to approximately 41,268 individuals in the State of California. (Def.'s Response to Pl. Teri Brown's Interrogatories, Set One, pp. 5-6, ECF No. 50-5.) There were 281 of these letters sent to individuals in Kern County. (ECF No. 50-6.) Determining whether this letter violates the FDCPA by failing to identify the current creditor is capable of being determined on a class wide basis and will resolve the claims of all the class members.

The facts and legal issues are substantially identical for the class members. The Court finds that Plaintiff has demonstrated commonality.

3. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" This does not require the claims to be substantially identical, but that the representatives claims be "reasonably co-extensive with those of the absent class members." Hanlon, 150 F.3d at 1020. Typicality is determined by looking to the nature of the claims of the class representatives and tests "whether other members have the same or similar

injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (quoting Schwartz v. Harp, 108 F.R.D. 279, 282 (C.D.Cal.1985)).

The requirements of commonality and typicality often merge. Parsons v. Ryan, 754 F.3d 657, 685 (9th Cir. 2014). Both typicality and commonality are guideposts to determine whether "under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Parsons, 754 F.3d at 685 (quoting Wal-Mart Stores, Inc., 131 S. Ct. at 2551 n.5).

Here, the letter Plaintiff received from Defendant is similar to the letters received by the other class members and contained the identical alleged defect under the FDCPA. Based on these allegations, Plaintiff was subjected to the same violations of the FDCPA as the unnamed class members. The Court finds that the typicality requirement has been met.

4. Adequacy of Representation

The named plaintiffs must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). In determining whether the named plaintiffs will adequately represent the class, the courts must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees. Ellis, 657 F.3d at 985 (citations omitted).

"A class representative must be part of the class and possess the same interest and injury as the class members." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 626 (1997) (internal punctuation and citations omitted). Here, Plaintiff has suffered the same injury and possesses the same interest as the unnamed class members. Plaintiff does not appear to have any interests that are antagonistic to the class.

1         Plaintiff asserts that she is represented by Ari Marcus and Yitzchak Zelman who are highly qualified, experienced counsel and are able to conduct this litigation. Ari Marcus has continuously practiced consumer protection law since 2011. (Decl. of Ari H. Marcus, Esq. ¶ 6, ECF No. 50-4.) Mr. Marcus specifically has experience in cases alleges abusive and deceptive debt collection practices and has been appointed class counsel in similar cases. (Id.) Mr. Marcus has represented plaintiffs in over 300 FDCPA cases filed in federal court. (Id. at ¶ 11.)

        Similarly, Mr. Zelman has continuously practiced consumer protection law since 2012. (Decl. of Yitzchak Zelman, Esq. ¶ 10, ECF No. 50-2.) Mr. Zelman has been appointed class counsel in consumer action lawsuits. (Id.) Mr. Zelman has represented plaintiffs in over 300 FDCPA cases in federal court. (Id. at 11.)

        Plaintiff's counsel have demonstrated that they are experienced in handling consumer protection law and have extensive experience in FDCPA actions.

        The Court finds that Plaintiff has demonstrated that she and her counsel are adequate representatives for the class and that there are no potential for conflict of interest with the unnamed class members.

### B.        Rule 23(b) Criteria

        Plaintiff must also meet one of the three subdivisions of Rule 23(b) Plaintiff contends that the requirements of Rule 23(b)(3) are satisfied because there is a common nucleus of operative fact based on the standardized collection letter that was sent to each class member. Plaintiff also argues that a class action is the superior method of resolving the claims as there is no indication that the individual consumers are aware that their rights have been violated and would be able to protect their interests on their own. Further, Plaintiff states that a class action is preferable to 281 class members having to individually litigate their claims.

        Under Rule 23(b)(3) a class action may proceed where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." At issue here is whether letters sent to the individual class members by the defendant violated the FDCPA and RFDCPA by failing to identify the

7

1  current creditor. Defendant has acknowledged in discovery that it sent the letter to Plaintiff and
2  substantially similar letters to the unnamed class members. The legal issues of whether the
3  letters sent to the unnamed class members violate the FDCPA and RFDCPA will be the same for
4  each class member. The Court finds that common questions of law and fact predominate over
5  any questions that would affect only individual members.

6  The Court also finds that a class action is the superior method for adjudicating the claims
7  in this action. The violations under the FDCPA for individuals are capped at $1,000, 15 U.S.C. §
8  1692k(a)(2)(A), which is inadequate for most consumers to spend the time and energy to
9  successfully pursue their individual claims. Therefore, a class member's interest in individually
10 controlling the prosecution of his individual claim would not be great. Fed. R. Civ. P.
11 23(b)(3)(A). The claims here involve 281 individual consumers who were allegedly subjected to
12 illegal collection activity and adjudicating the claims in a class action will save time, effort, and
13 expense which serves judicial efficiency. Fed. R. Civ. P. 23(b)(3)(C). Courts routinely find that
14 such cases are more efficiently handled as a class action. Gonzales v. Arrow Fin. Servs., LLC,
15 233 F.R.D. 577, 582 (S.D. Cal. 2006); see also Abels v. JBC Legal Grp., P.C., 227 F.R.D. 541,
16 547 (N.D. Cal. 2005) ("Case law affirms that class actions are a more efficient and consistent
17 means of trying the legality of collection letters"); Hunt v. Check Recovery Sys., Inc., 241
18 F.R.D. 505, 514 (N.D. Cal. 2007), modified, No. C05 04993 MJJ, 2007 WL 2220972 (N.D. Cal.
19 Aug. 1, 2007), aff'd sub nom. Hunt v. Imperial Merch. Servs., Inc., 560 F.3d 1137 (9th Cir.
20 2009) (considering the factors set forth in rule 23(b)(3) and finding a class action is the superior
21 method of adjudicating claims to enforce consumer protection laws). The Court does not see any
22 likely difficulties in managing this class action. Fed. R. Civ. P. 23(b)(3)(D)

23 Plaintiff has met the requirements of Rule 23(b)(3); and the Court finds that Plaintiff's
24 motion for certification of the class should be granted.

25                                                **IV.**
26                                              **ORDER**
27 Based on the foregoing, IT IS HEREBY ORDERED that:
28     1.     Plaintiff's motion for class certification is GRANTED under Federal Rule of Civil

| | | |
|---|---|---|
| 1 | | Procedure 23(b)(3); |
| 2 | 2. | A class is certified and defined as follows: |

   All consumers with an address in Kern County, California, who, beginning May 16, 2016 through and including the final resolution of this case, were sent an initial letter from Jonathan Neil & Associates, Inc. attempting to collect a consumer debt allegedly owed to Mercury Casualty Insurance, which stated "Re: Mercury Casualty Insurance" without specifically identifying the "current creditor".

3. Plaintiff Teri Brown is appointed as class representative;

4. Counsel Yitzchak Zelman and Ari H. Marcus are appointed to serve as class counsel;

5. Within **twenty (20) days** of entry of this order,

    a. Plaintiff shall file a proposed class action notice for the court's approval; and

    b. Defendant shall produce a class list to Plaintiff's counsel for use in mailing notice to the class;

6. The hearing set for September 7, 2018 is VACATED;

7. A second phase scheduling conference is set for **September 27, 2018, at 3:30 p.m.** in Courtroom 9; and

8. The parties shall file a joint scheduling report **seven (7) days** prior to the September 27, 2018 scheduling conference.

IT IS SO ORDERED.

Dated:  **August 28, 2018**

_____
UNITED STATES MAGISTRATE JUDGE