# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement is reached by and between Plaintiff Teri Brown ("Plaintiff"), individually and on behalf of all members of the Settlement Class (Settlement Class Members"), as defined below, and Defendant Jonathan Neil & Associates, Inc. ("Defendant"). Plaintiff individually, the Settlement Class, and Defendant are collectively referred to as the "Parties."

1. Plaintiff filed a Complaint against Defendant in the United States District Court for the Eastern District of California (USDC, Eastern District, Case No. 00675-LJO-SAB ("Lawsuit"). A true and correct copy of the Complaint is attached as Exhibit A. Defendant denies Plaintiff's allegations. Nonetheless, in order to avoid the substantial expense and inconvenience of further litigation, the Parties now desire to fully and finally settle all claims asserted as well as all issues that could have been asserted in the Lawsuit.

   Plaintiff's counsel have conducted an extensive investigation of the facts and the applicable law, including, but not limited to, conducting extensive discovery, engaging in extensive settlement talks, and filing a contested Motion for Class Certification. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel consider it to be in the best interest of the Settlement Class to enter into this Agreement.

   Defendant desires to settle the claims to avoid additional expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letters and all claims which have or could have been asserted by Plaintiff or the Settlement Class against Defendant in the Litigation.

2. **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses with prejudice the claims alleged by Plaintiff and the Settlement Class in the Complaint; and, (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

3. **Class Counsel.** Class Counsel means the following counsel for the Class Representative and the Settlement Class:

   > Ari H. Marcus, Esq.
   > Yitzchak Zelman, Esq.
   > Marcus & Zelman LLC
   > 701 Cookman Avenue, Suite 300
   > Asbury Park, New Jersey 07712

4. **Defense Counsel.** Defense Counsel means the following counsel for Defendant:

> Christopher Egan, Esq.
> Porter Scott
> 350 University Avenue, Suite 200
> Sacramento, California 95825

5. For the purpose of this Settlement Agreement only, Plaintiff and Defendant stipulate to certification of a Settlement Class as follows:

   All consumers with an address located in Kern County, California who were sent an initial collection letter and/or notices from Defendant, during the period of May 16, 2016 to present, attempting to collect a consumer debt owed which stated "Re: Mercury Casualty Insurance."

6. Plaintiff Teri Brown and every Settlement Class Member (except those who opt out) will fully, unconditionally and irrevocably release and discharge Defendant and all of its past and present parent companies, controlling persons, subsidiaries, affiliates, directors, officers, agents, attorneys, employees, owners, successors and insurers (collectively "Released Parties"), as follows:

   A. Settlement Class Members, who do not opt-out, release and forever discharge Released Parties from any and all claims asserted in or that could have been asserted in the Lawsuit, whether known or unknown, under federal law and/or California law arising out of Defendant's alleged failure to do the following from May 16, 2016 until the date this settlement is preliminarily approved by the Court: failing to clearly and concisely identify the current creditor in violation of 15 U.S.C. §1692g(a)(2) *et seq.* (Fair Debt Collection Practices Act) and Cal. Civ. Code §1788.17 *et seq.* (Rosenthal Fair Debt Collection Practices Act).

   The release of "unknown" claims includes a release of the rights and benefits of Section 1542 of the California Civil Code, <u>only with respect to the claims which were asserted or could have been asserted in the Lawsuit</u>. Section 1542 of the California Civil Code provides:

   > **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with debtor.**

   B. In consideration for the enhanced payment that Plaintiff Teri Brown will receive, Plaintiff unconditionally, irrevocably and absolutely releases and discharges Defendant, its officers, owners, directors, subsidiaries, affiliates and insurers, as well as any other present or former employees, officers, agents, attorneys, successors and assigns of Defendant (collectively "Released Parties"), from all

        claims related in any way to the transactions or occurrences between them to date, to the fullest extent permitted by law. This release is intended to be interpreted broadly to apply to all transactions and occurrences between Plaintiff and all Released Parties, including but not limited to any and all claims related to Defendant's debt collection communications to Plaintiff and all other losses, liabilities, claims, charges, demands and causes of action, known or unknown, suspected or unsuspected, arising directly or indirectly out of or in any way connected with these transactions or occurrences (collectively "Released Claims"). Released Claims include, without limitation, any claim based in tort, contract, common law, the state or federal Constitution, state or federal statutes (including but not limited to the Fair Debt Collection Practices Act and Rosenthal Fair Debt Collection Practices Act), all claims for physical injuries or emotional injuries, illness, loss or damage, and all claims for attorneys' fees, costs and expenses.

    C.    Plaintiff Teri Brown understands that this release includes unknown claims and that Plaintiff is, as a result, waiving all rights and benefits afforded by Section 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with debtor.**

Collectively, the releases by the Plaintiff and the Settlement Class Members will be referred to as the "Released Claims."

7.    **Net Worth.** The Parties acknowledge that the FDCPA limits class recovery of statutory damages up to the lesser of $500,000.00 or 1% of Defendant's net worth. During discovery, Defendant has made certain representations to Class Counsel concerning its net worth. As a result of significant in-depth settlement discussions and negotiations, the Parties have agreed Defendant will pay $10,000.00 in statutory damages to the Settlement Class, which arguably exceeds the statutory maximum recovery for the Class. Under the circumstances, the parties agree that this amount is fair and reasonable.

8.    **Class Size.** During discovery, Defendant has provided information to Class Counsel. Specifically, that there are approximately 281 persons in the Settlement Class.

9.    **Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, Defendant, through its insurance carrier, shall provide the following relief to Plaintiff and the Settlement Class:

    (a)    Defendant will create a class settlement fund of $10,000.00 ("Class Recovery"), which the Class Administrator, First Class, Inc., will distribute *pro rata* among those Settlement Class Members who do not opt out ("Claimants"). Claimants will receive a *pro rata* share of the Class

>Recovery by check. The shares of any of the Settlement Class Members who cannot be located because the Notice set forth in ¶ 17 has been returned as "undeliverable" and any remaining will be donated as set forth in ¶ 9(c). Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in ¶ 9(c).
>
>Neither Plaintiff nor Defendant shall bear any liability for lost or stolen checks, forged signatures on a check, or unauthorized negotiation of checks. Unless responsible by its own acts or omission or commission, the same is true for the Claim Administrator.
>
>(b)   Defendant shall pay $1,000.00 to Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus $1,500.00 in recognition for her services to the Settlement Class.
>
>(c)   The shares of any of the Settlement Class Members who cannot be located and any checks that have not been cashed by the void date will be donated as a *cy pres* award to a charitable organization subject to the Court's approval at the time of the final fairness hearing.

10. Defendant agrees to pay Plaintiff's reasonable attorneys' fees and costs as provided under 15 U.S.C. § 1692k. As such, Defendant agrees Settlement Class Counsel shall be entitled to receive $36,000.00, which covers all fees and all expenses arising out of the Litigation. The award of fees, costs, and expenses to Class Counsel shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members. Upon payment of $36,000.00 to Class Counsel, Defendant and Released Parties shall have no further obligation with respect to Class Counsels' fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Settlement Class Member.

11. Within twenty (20) days of entry of the Preliminary Approval Order, JNA's Counsel shall, through the Class Administrator, cause actual notice, to Settlement Class Members. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. In the event that a notice is returned as undeliverable and a forwarding address is not provided, the Class Administrator shall make a reasonable effort to obtain the current address of the Settlement Class Member.

12. Settlement Class Members shall have forty-five (45) days after mailing of the notice of the proposed settlement to exclude themselves from, or object to, the proposed settlement.

12. Any Settlement Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class Members

desiring to exclude themselves from the Litigation must serve copies of the request to the Class Administrator by the date set by the Court. Any Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.

13. Any Settlement Class Member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class Counsel and Defendant's counsel at the addresses set forth in ¶ 24 of this Agreement within the time period set by the Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement Class. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the settlement.

14. **Payment of Settlement Funds**. Within 14 days of the Effective Date, Defendant shall distribute all monies set forth in ¶ 9(a) to the Class Administrator, First Class, Inc. The Class Administrator shall then distribute all such payments as soon as practical. Within 14 days of the Effective Date, Defendant shall distribute all monies set forth in ¶ 9(b), and ¶ 10 to Class Counsel. The check for the monies described in ¶ 9(b) and ¶ 10 shall be made payable to "Marcus & Zelman, Trust Account."

15. The releases set forth herein are conditioned upon the Court's approval of the Agreement and Defendant meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16. **Notice Costs and Related Matters.** As each cost or expense is incurred and invoiced by the Class Administrator, Defendant, through its insurance carrier, shall pay directly to the Class Administrator all the reasonable costs and expenses necessary to administer and facilitate the Settlement, including, but not limited to, the costs and expenses of printing and mailing Notice and issuing and mailing settlement checks to Settlement Class Members.

17. **Notice.** Within twenty (20) days of entry of the Preliminary Approval Order, Defendant's Counsel shall, through the Class Administrator, cause actual notice in the form of Exhibit 1, to Settlement Class Members using Defendant's last known and addresses of the Settlement Class Members. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provides within four (4) days of receipt. In the event that a notice is returned as undeliverable and a forwarding address is not provided, the Class Administrator shall make a reasonable effort to obtain the current

address of the Settlement Class Member.

18. Defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

19. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

    (a)   Preliminarily approves this Agreement;

    (b)   Certifies the Settlement Class defined in ¶ 5 for settlement purposes;

    (c)   Appoints Ari Marcus, and Yitzchak Zelman as Class Counsel;

    (d)   Appoints Plaintiff, Teri Brown, as the representative of the Settlement Class;

    (e)   Sets dates for Settlement Class members to opt-out or to object;

    (f)   Schedules a hearing for final approval of this Agreement;

    (g)   Approves Exhibit 1 hereto as notice to the Settlement Class, to be directed to the last known address of the Settlement Class Members as shown in Defendant's business records;

    (h)   Finds that mailing of the Settlement Class notice and the other measures specified in ¶ 17 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

20. The Parties agree to request the form of notice attached hereto as Exhibit 1 and propose the form of preliminary approval order attached hereto as Exhibit 2. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

21. **Final Approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Class Counsel, Defendant, and Defendant's counsel shall request that the Court enter a Final Order:

    (a)   approving the terms of this Agreement as fair, reasonable, and adequate;

(b) providing for the implementation of its terms and provisions;

(c) certifying for purposes of settlement the Settlement Class;

(d) finding that the notice given to the Settlement Class Members satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

(e) dismissing the claims of Plaintiff and the Settlement Class Members alleged in the Complaint without prejudice and without costs;

(f) retaining exclusive jurisdiction to enforce the terms and provisions of this Agreement;

(g) directing Defendant, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed; and

(h) directing that ten (10) days after the filing of the notice contemplated in ¶ 26(g) above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or Defendant.

22. The Parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. Any required non-substantive changes in the final order does not invalidate this Agreement.

23. **Release of Attorneys' Lien.** In consideration of this Settlement Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶ 6 above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of Class Counsels' fees and costs to be distributed pursuant to ¶ 10.

24. **Miscellaneous Provisions.** The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability to the Settlement Class.

Notices of exclusion requests and objections related to this Agreement shall be sent to:
>Ari Marcus, Esq.
>Marcus & Zelman LLC
>701 Cookman Avenue, Suite 300

Asbury Park, New Jersey 07712

Notices to Defendant shall be sent to:

Christopher Egan, Esq.
Porter Scott
350 University Avenue, Suite 200
Sacramento, California 95825

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

25. Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

26. This Agreement shall be governed by and interpreted in accordance with the laws of the state of California.

27. If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

28. This Agreement contains the entire agreement between the Parties with respect to the transactions contemplated hereby, and supersedes all negotiations, presentations, warranties, commitments, offers, contracts and writings prior to the date hereof relating to the subject matters thereof.

29. This Agreement may be executed by one or more of the Parties on any number of separate counterparts and delivered electronically, and all of said counterparts taken together shall be deemed to constitute one and the same instrument. Photocopies of executed copies of this Agreement may be treated as originals.

30. Plaintiff represents and warrants that she is completely responsible for resolving any and all liens against the amounts paid to her. Plaintiff agrees to defend, indemnify, and hold the Released Parties harmless from any liability, losses, claims, damages, costs or expenses, including reasonable attorneys' fees arising out of a breach of the representations and warranties contained in this paragraph.

31. Plaintiff agrees to the fullest extent permitted by law that she will not prosecute in any administrative agency or court, whether state or federal, any Released Claim as set forth above. If any such action is brought, this Agreement will constitute an affirmative defense thereto and the party(s) affected shall be entitled to recover reasonable costs and attorneys' fees incurred in defending against any Released Claim.

32. Plaintiff and Class Counsel acknowledge that Released Parties have made no representation about and take no position on the tax consequences of this Agreement or any amounts paid pursuant to this Agreement. A dispute regarding the tax status of any amounts referenced in this Agreement shall not affect the validity of this Agreement. Plaintiff has had an opportunity to discuss the potential tax consequences of this Agreement with his own counsel, and they agree to indemnify and hold harmless Released Parties from any and all costs and assessments including, but not limited to, delinquent taxes, penalties, and assessments levied against Released parties in connection with this Agreement.

33. The parties agree to do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Agreement.

Dated: 10/29, 2018

_____
Plaintiff Teri Brown

Dated: _____, 2018

_____
John Student on behalf of Defendant

**APPROVED AS TO FORM AND CONTENT:**

Dated: 10/29, 2018

_____
Ari Marcus
Plaintiff's Counsel and Class Counsel

Dated: _____, 2018

_____
Christopher Egan
Defense Counsel

32. Plaintiff and Class Counsel acknowledge that Released Parties have made no representation about and take no position on the tax consequences of this Agreement or any amounts paid pursuant to this Agreement. A dispute regarding the tax status of any amounts referenced in this Agreement shall not affect the validity of this Agreement. Plaintiff has had an opportunity to discuss the potential tax consequences of this Agreement with his own counsel, and they agree to indemnify and hold harmless Released Parties from any and all costs and assessments including, but not limited to, delinquent taxes, penalties, and assessments levied against Released parties in connection with this Agreement.

33. The parties agree to do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Agreement.

Dated: _____, 2018

_____
Plaintiff Teri Brown

Dated: 11/1, 2018

*John Student, CEO*
John Student on behalf of Defendant

**APPROVED AS TO FORM AND CONTENT:**

Dated: _____, 2018

_____
Ari Marcus
Plaintiff's Counsel and Class Counsel

Dated: 11/2, 2018

_____
Christopher Egan
Defense Counsel