# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>JONATHAN NEIL AND ASSOCIATES, INC.,<br><br>        Defendant. | Case No. 1:17-cv-00675-SAB<br><br>ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND VACATING NOVEMBER 28, 2018 HEARING<br><br>(ECF No. 58)<br><br>FINAL APPROVAL HEARING: FEBRUARY 13, 2019 |

Plaintiff Teri Brown filed this action on behalf of herself and others similarly situated against Defendant Jonathan Neil and Associates, Inc. alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Currently before the Court is the parties' joint motion for preliminary approval of the class action settlement. (ECF No. 58.) The parties have consented to the magistrate judge for all purposes. (ECF Nos. 34, 35, 36.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. *See* Local Rule 230(g). Accordingly, the previously scheduled hearing set on November 28, 2018, will be vacated and the parties will not be required to appear at that time.

/ / /

/ / /

/ / /

# I.

# FACTUAL BACKGROUND

At some time, Plaintiff incurred an obligation to Mercury Insurance Company. (Compl. ¶ 23.) Mercury Insurance Company contracted with Defendant to collect the debt. (Compl. ¶ 27.) Around March 14, 2017, Defendant sent Plaintiff a collection letter regarding the debt owed to Mercury Casualty Insurance Company. (Compl. ¶ 29.) Plaintiff received and read the letter which stated "RE: MERCURY CASUALTY INSURANCE". (Compl. ¶¶ 31, 32.)

On May 16, 2017, Plaintiff filed this action, on behalf of herself and others similarly situated, alleging that the letter failed to accurately identify the creditor in violation of the FDCPA; and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. (ECF No. 1.) Defendant filed an answer on June 22, 2017. (ECF No. 7.) The scheduling order issued on July 28, 2017, setting the deadline to file a motion for class certification. (ECF No. 10.)

On January 12, 2018, Plaintiff filed a motion for class certification. (ECF No. 19.) Defendant filed an opposition on January 31, 2018. (ECF No. 20.) Plaintiff filed a reply on February 9, 2018. (ECF No. 24.) A hearing on the motion was held on February 14, 2018, and the parties were to provide supplemental briefing to address the Court's authority to expand the class beyond that requested by the plaintiff and additional authority on limiting the class from that proposed in the complaint filed in the action. (ECF No. 26.) On March 22, 2018, a notice of settlement was filed and the motion for preliminary approval of the class action settlement was to be filed on or before May 7, 2018. (ECF No. 31.) On May 7, 2018, the parties filed a motion for preliminary approval of the class action settlement. (ECF No. 32.)

On May 10, 2018, Defendant consented to the jurisdiction of the United States magistrate judge. (ECF No. 35.) On May 11, 2018, Plaintiff consented to the jurisdiction of the United States magistrate judge. (ECF Nos. 35, 36.) On May 14, 2018, this matter was reassigned to the undersigned. (ECF No. 37.) On June 5, 2018, an order issued denying the joint motion for preliminary approval of the class action settlement and the parties were to inform the Court if they were continuing to pursue settlement or if a scheduling conference need be set. (ECF No.

38.) On June 12, 2018, the parties filed a stipulation requesting additional time to respond which was granted. (ECF Nos. 39, 40.)

An informal teleconference was held on July 11, 2018, and the parties were required to file a notice re class settlement on or before July 26, 2018. (ECF Nos. 44, 45.) On July 26, 2018, the parties filed a notice that this action had not settled and a briefing schedule issued for a motion for class certification to be filed. (ECF No. 46, 47.) Plaintiff filed a motion for class certification on August 10, 2018, and Defendant filed a statement of non-opposition on August 24, 2018. (ECF Nos. 50, 51.) On August 29, 2018, an order issued granting Plaintiff's unopposed motion for class certification. (ECF No. 52.) On September 18, 2018, Plaintiff filed a proposed class notice for court approval. (ECF No. 53.) On September 27, 2018, the parties filed a notice that the action had settled and an order issued requiring the motion for preliminary approval of the class action settlement to be filed on or before October 26, 2018. (ECF Nos. 55, 57.)

On October 26, 2018, a joint motion for preliminary approval of the class action settlement was filed. (ECF No. 58.)

## II.

## LEGAL STANDARD

The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. <u>Class Plaintiffs v. City of Seattle</u>, 955 F.2d 1268, 1276 (9th Cir. 1992). To certify a class, a plaintiff must demonstrate that all of the prerequisites of Rule 23(a), and at least one of the requirements of Rule 23(b) of the Federal Rules of Civil Procedure have been met. <u>Wang v. Chinese Daily News, Inc.</u>, 737 F.3d 538, 542 (9th Cir. 2013). This requires the court to "conduct a 'rigorous analysis' to determine whether the party seeking class certification has met the prerequisites of Rule 23." <u>Wright v. Linkus Enterprises, Inc.</u>, 259 F.R.D. 468, 471 (E.D. Cal. 2009).

Federal Rule of Civil Procedure 23(e)(2) requires that any settlement in a class action be approved by the court which must find that the settlement is fair, reasonable, and adequate. The role of the district court in evaluating the fairness of the settlement is not to assess the individual

components, but to assess the settlement as a whole. Lane v. Facebook, Inc., 696 F.3d 811, 818-19 (9th Cir. 2012) reh'g denied 709 F.3d 791 (9th Cir. 2013).

### A. Terms of Proposed Settlement

The parties have agreed to settle the claims of a class defined as

> All consumers with an address located in Kern County, California who were sent an initial collection letter and/or notices from Defendant, during the period of May 16, 2016 to present, attempting to collect a consumer debt owed which stated "Re: Mercury Casualty Insurance."

(Settlement Agreement and Release of All Claims ("Settlement Agreement") ¶ 5, ECF No. 58-2.) The class definition is substantially similar to the class which was certified in the August 29, 2018 order granting Plaintiff's motion for class certification.[1]

The Class Members who do not opt-out will release and discharge all claims asserted in or that could have been asserted in this action. (Id. at ¶ 6(A). This includes all known or unknown claims under federal or California law arising out of Defendant's alleged failure to clearly and concisely identify the current creditor in violation of the Fair Debt Collection Act, 15 U.S.C. § 1692g(a)(2) et seq., and the Rosenthal Fair Debt Collection Act, Cal. Civ. Code § 1788.17, et seq. (Id. at ¶ 6(A).) Plaintiff agrees to release all known and unknown claims against Defendant. (Id. at ¶ 6(B)(C).)

Defendant will pay $10,000.00 in statutory damages to the Settlement Class. (Id. at ¶ 7.) The Settlement Class is comprised of approximately 281 individuals. (Id. at ¶ 8.) The class members that do not opt out will receive a pro rata share of the settlement fund. (Id. at ¶ 9(a).) All unclaimed funds will first be used to pay the class action administrative costs and if any fund remain they shall be donated as a *cy pres* award to a charitable organization subject to the Court's approval. (Id. at ¶ 9(c).) Plaintiff shall receive statutory damages of $1,000.00 and a

---

[1] The class that was certified in the August 29, 2018 order was defined as:

> All consumers with an address in Kern County, California, who, beginning May 16, 2016 through and including the final resolution of this case, were sent an initial letter from Jonathan Neil & Associates, Inc. attempting to collect a consumer debt allegedly owed to Mercury Casualty Insurance, which stated "Re: Mercury Casualty Insurance" without specifically identifying the "current creditor".

(ECF No. 52 at 9:2-6.)

service award of $1,500.00 for a total of $2,500.00. (Id. at ¶ 9(b).)

Class counsel will receive attorney fees of $36,000.00 to cover all fees and costs associated with the litigation which will not come from the settlement fund. (Id. at ¶ 10.) The Class Administrator will mail notice providing address forwarding within twenty days of preliminary approval of the settlement. (Id. at ¶ 11, 12.) If a notice is returned with a forwarding address provided the Class Administrator will forward the notice to the address provided, and if the notice is returned without a forwarding address, the Class Administrator shall make reasonable efforts to obtain the current address of the class members. (Id. at ¶¶ 11, 17.)

Class members have forty-five days after the notice is mailed to exclude themselves from, or object to the settlement. (Id. at ¶ 12(a).)[2] Class members may be excluded from the settlement agreement by opting out within the set time-period. (Id. at ¶ 12(b).)

Defendant shall pay costs and expenses through its insurance carrier to the Class Administrator, including but not limited to, the costs of printing and mailing notice and issuing and mailing settlement checks to the class members. (Id. at ¶ 16.)

### B. Certification of Class

To certify a class, a plaintiff must demonstrate that all of the prerequisites of Rule 23(a), and at least one of the requirements of Rule 23(b) of the Federal Rules of Civil Procedure have been met. Wang, 737 F.3d at 542. This requires the court to "conduct a 'rigorous analysis' to determine whether the party seeking class certification has met the prerequisites of Rule 23." Wright, 259 F.R.D. at 471.

The Court has previously found that the class meets the prerequisites of numerosity, commonality, typicality, and adequacy of representation. (Order Granting Plaintiffs' Motion for Class Certification, ECF No. 52.) Further, the Court found that common questions predominate and allowing this action to proceed as a class action is the superior method of adjudicating the controversy of these claims and the class was certified. (Id.) The class sought to be certified here, although not using the identical language of the class previously certified, is substantially

---

[2] The settlement agreement contains two paragraphs numbered 12. The Court distinguishes the terms by referring to the first paragraph 12 as 12(a) and the second paragraph 12 as 12(b).

5

similar to the class certified in the August 29, 2018 order. Accordingly, the Court certifies the class for the reasons set forth in the August 29, 2018 order. (ECF No. 52.)

    **C.    Fairness, Adequacy, and Reasonableness of Proposed Settlement**

Having found that certification of the class is appropriate, the Court addresses Federal Rule of Civil Procedure 23(e)(2) which requires that any settlement in a class action be approved by the court which must find that the settlement is fair, reasonable, and adequate. Review of the proposed settlement of the parties proceeds in two phases. True v. American Honda Motor Co., 749 F.Supp.2d 1052, 1062 (C.D. Cal. 2010). At the preliminary approval stage, the court determines whether the proposed agreement is within the range of possible approval and whether or not notice should be sent to class members. True, 749 F.Supp.2d at 1063. At the final approval stage, the court takes a closer look at the settlement, taking into consideration objections and other further developments in order to make the final fairness determination. Id.

"To determine whether a settlement falls within the range of possible approval, a court must focus on substantive fairness and adequacy, and "consider plaintiffs' expected recovery balanced against the value of the settlement offer." Lusby v. Gamestop, Inc., 297 F.R.D. 400, 415 (N.D. Cal. 2013) (quoting In re Tableware Antitrust Litig., 484 F.Supp.2d 1078, 1080 (N.D. Cal. 2007)). "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing." In re Tableware Antitrust Litigation, 484 F.Supp.2d at 1079 (quoting Manual for Complex Litigation, Second § 30.44 (1985)).

Upon consideration of the settlement agreement as a whole, the Court finds that it is fair, adequate, and reasonable for the reasons discussed below.

    1.    <u>Reasonableness, Adequacy, and Fairness of Settlement to Class Members</u>

The parties have been conducting arm's length settlement negotiations while adjudicating the class certification of this action. The parties have exchanged discovery which has identified approximately 281 class members and two depositions of the defendant have been taken. (Decl.

of Ari H. Marcus, Esq. in Support of Plaintiff's Motion for Class Certification, ECF No. 58-6.) Discovery has been conducted and two motions for class certification have been filed, as well as a previous motion for preliminary approval of a class action settlement.

Counsel for the parties have analyzed the legal and factual issues that are presented in this action, the likelihood of recovering damages in excess of those obtained by this settlement, the protracted nature of the litigation and the potential costs and outcome of further litigation and have determined that settlement of this action is appropriate.

The FDCPA caps a class recovery at the lesser of one percent of the debt collector's net worth or $500,000.00. 15 U.S.C. § 1692k(a)(2)(B). Therefore, financial statements provided during discovery have led counsel for Plaintiff to conclude that the settlement amount is the maximum that the class can receive under the statute. Based on the number of class members, each class member who does not opt out of the class is expected to receive approximately $35.50 and courts have found lesser amounts reasonable in similar FDCPA class action cases. See Schuchardt v. Law Office of Rory W. Clark, 314 F.R.D. 673, 684 (N.D. Cal. 2016) (class members received $15.10); Gonzalez v. Germaine Law Office PLC, No. CV-15-01427-PHX-ROS, 2016 WL 3360700, at *4 (D. Ariz. June 1, 2016) (class members expected to receive $17.00); Harper v. Law Office of Harris & Zide LLP, No. 15-CV-01114-HSG, 2017 WL 995215, at *4 (N.D. Cal. Mar. 15, 2017) (class members received $10.00); Salazar v. Midwest Servicing Grp., Inc., No. CV 17-0137 PSG (KSX), 2018 WL 4802139, at *4 (C.D. Cal. Oct. 2, 2018) (class members expected to receive $20.00). Further, attorney fees and the class representative payments will not be deducted from the settlement fund. The benefit that the class members will receive is not insubstantial. The Court finds that the settlement falls within the reasonable range.

    2.    Notice

The class in this action was certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Federal Rules provide the for "[a]ny class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

Fed. R. Civ. P. 23(c)(2)(B). The notice must also clearly and concisely state in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The proposed notice includes information about the nature of the action and the claims involved. However, the class definition on the notice is consistent with the order granting class certification, but is not the language that is used for the class description in the current motion. Accordingly, Plaintiff shall correct the language on the notice to be identical to the current class definition prior to sending the notice.

The notice informs the class that a class member may obtain their own attorney and also provides notice that if the class member does not seek exclusion from the class they will be bound by the final judgment and will not be able to bring another law suit against the defendant regarding the claims or issues in this action. The class notice states that objections should be sent to the Robert T. Matsui U.S. Courthouse 501 I Street, Sacramento, California 95184. Since this action is in the Fresno Division of the Eastern District of California, Plaintiff shall correct the notice to have objections sent to the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Room 1501, Fresno, California 93721.

The notice is to be sent by U.S. mail to the last known address of the settlement class members. (Settlement Agreement ¶ 17.) Notices returned with a forwarding address will be re-mailed to the forwarding address. If notices are returned without a forwarding address provided the settlement administrator shall make reasonable efforts to obtain the current address of the class member.

The Court finds that the notice, with the noted corrections, is the best notice practicable under the circumstances. The Court shall preliminarily approve the settlement agreement. The

motion for final approval of the class action settlement will be required to address the factors to be considered in making the fairness determination including: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." Lane, 696 F.3d at 819 (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).

3. Representation

However, the Court advises the parties of the following concerns that will need to be addressed at the final approval of the class action settlement. The Court has previously appointed the class representative and class counsel finding that they are adequate representatives of the class. (ECF No. 52.)

The class representative has an incentive to advance his own interests over that of the class and class counsel owes the ultimate fiduciary responsibility to the class as a whole and is not bound by the views of the named plaintiff regarding settlement. Staton v. Boeing Co., 327 F.3d 938, 959-60 (9th Cir. 2003). Therefore, in assessing the fairness of the settlement, the court is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Hanlon, 150 F.3d at 1027 (quoting Officers for Justice v. Civil Serv. Comm'n of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982)). "To determine the reasonableness of an incentive payment, courts consider the proportionality between the incentive payment and the range of class members' settlement awards." Dyer v. Wells Fargo Bank, N.A., 303 F.R.D. 326, 335 (N.D. Cal. 2014).

Here, the Court previously expressed concern because the plaintiff is receiving her full statutory damage award of $1,000.00 as well as an enhancement award of $1,500.00 while the class members are receiving only a fraction of the statutory damage amount they could receive. (See ECF No. 38 at 9:3-10:7.) "An individual who joins his claims with those of a class

1 'disclaim[s] any right to a preferred position in the settlement [of those claims].' " In re Toys R
2 Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig. ("In re Toys R
3 Us"), 295 F.R.D. 438, 470 (C.D. Cal. 2014) (quoting Razilov v. Nationwide Mut. Ins. Co., No.
4 01–CV–1466–BR, 2006 WL 3312024, *4 (D. Or. Nov. 13, 2006). "An incentive award may be
5 appropriate when a class representative will not gain any benefit beyond that he would receive as
6 an ordinary class member." In re Toys R Us, 295 F.R.D. at 472.

As Plaintiff is receiving a benefit beyond that of the other class members by receiving her full statutory benefit award, this factor will weigh heavily against granting an incentive award in this matter. Further, in Staton, the Ninth Circuit found it was an abuse of discretion to approve a settlement where the class representatives received an incentive award that was, on average sixteen times greater than the award that the unnamed class members would receive. 327 F.3d at 946. The district court must evaluate the fairness of the incentive award by considering "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s of] workplace retaliation." Id. at 977 (quoting Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998)). Should Plaintiff seek an enhancement payment she will be expected to address the factors that the court considers in issuing such an award.

At the final approval hearing, the Court will employ the lodestar method to the request for attorney fees as a cross check on the percentage method to ensure a failure and reasonable result. Alberto v. GMRI, Inc., 252 F.R.D. 652, 668 (E.D. Cal. 2008). Therefore, counsel is advised that in submitting the final approval of class action settlement they will be required to provide a thorough fee award petition that details the hours reasonably spent representing the class in this action.

///
///
///
///

## IV.

## CONCLUSION AND ORDER

Upon review of the proposed settlement agreement, the Court finds that it is fair, adequate, and reasonable.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' joint motion for preliminary approval of the class action settlement is GRANTED;
2. The Court finds that the proposed manner of the notice of settlement constitutes the best notice practicable under the circumstances;
3. The Court approves the proposed notice of settlement with the corrections addressed in this order;
4. Class members shall have until **January 11, 2019**, to opt out, exclude themselves from, or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of California, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. To be effective, the request for exclusion or objection must be postmarked by **January 11, 2019**.
5. The final approval hearing shall be held on **February 13, 2019, at 10:00 a.m. in Courtroom 9**;
6. If not already filed, Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C.

§1715(b); and

7. The November 28, 2018 hearing is VACATED and the parties need not appear on that date.

IT IS SO ORDERED.

Dated: **November 5, 2018**

_____
UNITED STATES MAGISTRATE JUDGE