# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN NEIL AND ASSOCIATES, INC.,<br><br>    Defendant. | Case No. 1:17-cv-00675-SAB<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING ON MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>DEADLINE: FEBRUARY 7, 2019 |

On January 16, 2019, a joint motion for final approval of the class settlement in this action was filed along with a motion for attorney fees. In reviewing the motion for final approval, the Court shall require supplemental briefing regarding the following.

1. In his declaration, Mr. Marcus states that as of November 30, 2018, the firm has received no objections to the settlement or opt outs. (Decl. of Ari Marcus in Support of Final Approval ("Marcus Decl.") ¶ 10, ECF No. 63-2.) However, the class notice was mailed on December 11, 2018, (Marcus Decl. ¶ 9), after the date to which Mr. Marcus states there are no objections. Mr. Marcus shall file a declaration addressing whether any members objected or opted out of the settlement prior to the deadline to do so.

2. The joint motion for final approval states that each class member will receive $36.36. (ECF No. 63-1 at 2-3.) There is no information describing how this amount was arrived at. The Court notes that there are 279 class members and the award appears to have been determined by using only the 275 class members that actually received notice, although why the parties determined not to designate the award for the missing class members to the *cy pres*

beneficiary is not addressed.[1]

3. Plaintiff designates Greater Bakersfield Legal Assistance, Inc. as the *cy pres* beneficiary. A *cy pres* award must qualify as "the next best distribution" to giving the funds directly to the class members. Dennis v. Kellogg Co., 697 F.3d 858, 865 (9th Cir. 2012). "Not just any worthy charity will qualify as an appropriate *cy pres* beneficiary[,]" there must be "a driving nexus between the plaintiff class and the *cy pres* beneficiary." Dennis, 697 F.3d at 865 (quoting Nachshin v. AOL, LLC, 663 F.3d 1034, (9th Cir. 2011)). "A *cy pres* award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members and must not benefit a group too remote from the plaintiff class." Dennis, 697 F.3d at 865 (internal punctuation and citations omitted).

Here, Plaintiff did not include any information about Greater Bakersfield Legal Assistance, Inc. Without information on Greater Bakersfield Legal Assistance, Inc., the Court cannot find that that it is an appropriate *cy pres* beneficiary. Plaintiff shall submit further briefing addressing why Greater Bakersfield Legal Assistance, Inc. is a proper *cy pres* beneficiary.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file supplemental briefing on or before February 7, 2019, addressing the issues identified herein.

IT IS SO ORDERED.

Dated: **February 4, 2019**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not express an opinion on the appropriateness of the individual awards, but is merely pointing out that the parties did not brief the issue of how the awards were determined and why some class members appear to be withheld from receiving an award.

2