# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN,<br><br>         Plaintiff,<br><br>   v.<br><br>JONATHAN NEIL AND ASSOCIATES, INC.,<br><br>         Defendant. | Case No. 1:17-cv-00675-SAB<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>(ECF Nos. 62, 63, 66) |

Plaintiff Teri Brown filed this action on behalf of herself and others similarly situated against Defendant Jonathan Neil and Associates, Inc. alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Currently before the Court is the parties' joint motion for final approval of the class action settlement and a motion for attorney fees. (ECF Nos. 62, 63.) The parties have consented to the magistrate judge for all purposes. (ECF Nos. 34, 35, 36.)

## I.

## FACTUAL BACKGROUND

At some time, Plaintiff incurred an obligation to Mercury Insurance Company. (Compl. ¶ 23.) Mercury Insurance Company contracted with Defendant to collect the debt. (Compl. ¶ 27.) Around March 14, 2017, Defendant sent Plaintiff a collection letter regarding the debt owed to Mercury Casualty Insurance Company. (Compl. ¶ 29.) Plaintiff received and read the letter which stated "RE: MERCURY CASUALTY INSURANCE". (Compl. ¶¶ 31, 32.)

On May 16, 2017, Plaintiff filed this action, on behalf of herself and others similarly situated, alleging that the letter failed to accurately identify the creditor in violation of the

FDCPA; and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. (ECF No. 1.) Defendant filed an answer on June 22, 2017. (ECF No. 7.) The scheduling order issued on July 28, 2017, setting the deadline to file a motion for class certification. (ECF No. 10.)

On January 12, 2018, Plaintiff filed a motion for class certification. (ECF No. 19.) Defendant filed an opposition on January 31, 2018. (ECF No. 20.) Plaintiff filed a reply on February 9, 2018. (ECF No. 24.) A hearing on the motion was held on February 14, 2018, and the parties were to provide supplemental briefing to address the Court's authority to expand the class beyond that requested by the plaintiff and additional authority on limiting the class from that proposed in the complaint filed in the action. (ECF No. 26.) On March 22, 2018, a notice of settlement was filed and the motion for preliminary approval of the class action settlement was to be filed on or before May 7, 2018. (ECF No. 31.) On May 7, 2018, the parties filed a motion for preliminary approval of the class action settlement. (ECF No. 32.)

On May 10, 2018, Defendant consented to the jurisdiction of the United States magistrate judge. (ECF No. 35.) On May 11, 2018, Plaintiff consented to the jurisdiction of the United States magistrate judge. (ECF Nos. 35, 36.) On May 14, 2018, this matter was reassigned to the undersigned. (ECF No. 37.) On June 5, 2018, an order issued denying the joint motion for preliminary approval of the class action settlement and the parties were to inform the Court if they were continuing to pursue settlement or if a scheduling conference need be set. (ECF No. 38.) On June 12, 2018, the parties filed a stipulation requesting additional time to respond which was granted. (ECF Nos. 39, 40.)

An informal teleconference was held on July 11, 2018, and the parties were required to file a notice re class settlement on or before July 26, 2018. (ECF Nos. 44, 45.) On July 26, 2018, the parties filed a notice that this action had not settled and a briefing schedule issued for a motion for class certification to be filed. (ECF No. 46, 47.) Plaintiff filed a motion for class certification on August 10, 2018, and Defendant filed a statement of non-opposition on August 24, 2018. (ECF Nos. 50, 51.) On August 29, 2018, an order issued granting Plaintiff's unopposed motion for class certification. (ECF No. 52.) On September 18, 2018, Plaintiff filed

a proposed class notice for court approval. (ECF No. 53.) On September 27, 2018, the parties filed a notice that the action had settled and an order issued requiring the motion for preliminary approval of the class action settlement to be filed on or before October 26, 2018. (ECF Nos. 55, 57.)

On October 26, 2018, a joint motion for preliminary approval of the class action settlement was filed. (ECF No. 58.) On November 5, 2018, an order issued preliminarily approving the class action settlement. (ECF No. 61.) On January 16, 2019, the parties filed a joint motion for final approval of the class action settlement and Plaintiff filed an unopposed motion for attorney fees and reimbursement of expenses. (ECF Nos. 62, 63.) On February 7, 2019, at the direction of the Court, Plaintiff filed a supplemental brief in support of the motion for final approval. (ECF No. 66.)

## II.

## LEGAL STANDARD

The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. Allen v. Bedolla, 787 F.3d 1218, 1223 (9th Cir. 2015). Nevertheless, courts have long recognized that the settlement of class actions presents unique due process concerns for the absent class members. In re Bluetooth Headset Products Liability Litigation ("In re Bluetooth"), 654 F.3d 935, 946 (9th Cir. 2011). "[T]he district court has a fiduciary duty to look after the interests of the absent class members." Allen, 787 F.3d at 1223.

To guard against the potential for abuse, "Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." In re Bluetooth, 654 F.3d at 946. Since a settlement agreement negotiated prior to formal class certification creates a greater potential for a breach of the fiduciary duty owed to the class, "such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157, 1168 (9th Cir. 2013) (quoting In re Bluetooth, 654 F.3d at 946); accord Allen, 787 F.3d at 1223.

3

Review of the proposed settlement of the parties proceeds in two phases.  <u>True v. American Honda Motor Co.</u>, 749 F.Supp.2d 1052, 1062 (C.D. Cal. 2010).  At the preliminary approval stage, the court determines whether the proposed agreement is within the range of possible approval and whether or not notice should be sent to class members.  <u>True</u>, 749 F.Supp.2d at 1063.  "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing."  <u>In re Tableware Antitrust Litigation</u>, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) (quoting Manual for Complex Litigation, Second § 30.44 (1985)).  At the final approval stage, the court takes a closer look at the settlement, taking into consideration objections and other further developments in order to make the final fairness determination.  <u>True</u>, 749 F.Supp.2d at 1063.

**III.**

**DISCUSSION**

The parties seek final approval of the class action settlement in this matter.

**A.      Final Certification of Class**

To certify a class, a plaintiff must demonstrate that all of the prerequisites of Rule 23(a), and at least one of the requirements of Rule 23(b) of the Federal Rules of Civil Procedure have been met.  <u>Wang v. Chinese Daily News, Inc.</u>, 737 F.3d 538, 542 (9th Cir. 2013).  This requires the court to "conduct a 'rigorous analysis' to determine whether the party seeking class certification has met the prerequisites of Rule 23."  <u>Wright v. Linkus Enterprises, Inc.</u>, 259 F.R.D. 468, 471 (E.D. Cal. 2009).

The Court has previously found that the class meets the prerequisites of numerosity, commonality, typicality, and adequacy of representation.  (Order Granting Plaintiff's Motion for Class Certification, ECF No. 52; Order Granting Joint Motion for Preliminary Approval of Class Action Settlement 5, ECF No. 61.)  The Court also found that common questions predominate and allowing this action to proceed as a class action is the superior method of adjudicating the controversy of these employment related claims.  (Order Granting Plaintiff's Motion for Class

4

Certification, ECF No. 52; Order Granting Joint Motion for Preliminary Approval of Class Action Settlement 5, ECF No. 61.)

No class member has objected to the settlement of this action nor has any class member opted out of the settlement. (Supp. Decl. of Ari Marcus in Support of Final Approval ("Supp. Marcus Decl.") ¶ 3, ECF No. 66-1; Decl. of Christopher M. Egan in Support of Joint Motion for Final Approval of Class Action Settlement and Release ("Egan Decl.") ¶ 6, ECF No. 63-4; Affidavit of Bailey Hughes (Hughes Affidavit") ¶¶ 13, 14, ECF No. 63-5.) For the reasons set forth in the August 29, 2018 order granting certification of the class, the Court finds that the settlement classes continue to meet the requirements of Federal Rule of Civil Procedure 23(a) and (b). (ECF No. 52.)

Rule 23(c) provides that a class certified under Rule 23(b)(3) must be provided with the best notice that is practicable in the circumstances. Fed. R. Civ. P. 23(c)(2)(B). In this instance, the approved notice was mailed to all 279 potential class members by the settlement administrator on December 11, 2018. (Decl. of Ari Marcus in Support of Final Approval ("Marcus Decl.") ¶ 9, ECF No. 63-2; Egan Decl. ¶ 5; Hughes Affidavit ¶ 7.) Twenty-seven of the notices were returned by the United States Post Office. (Marcus Decl. ¶ 9; Hughes Affidavit ¶¶ 8, 9.) Two had forwarding addresses and were re-mailed. (Marcus Decl. ¶ 9; Hughes Affidavit ¶ 10.) Addresses were located for twenty-one of the remaining class members and the notices were mailed to the new address. (Marcus Decl. ¶ 9; Hughes Affidavit ¶ 11.) Only four class members addresses were unable to be located. (Hughes Affidavit ¶ 12.) The Court finds that the notice was sufficient to comply with Rule 23(c).

Having found the Rule 23 requirements have been met, the Court will grant final class certification. The following class is certified for settlement in this matter:

> All consumers with an address located in Kern County, California who were sent an initial collection letter and/or notices from Defendant, during the period of May 16, 2016 to present, attempting to collect a consumer debt owed which stated "Re: Mercury Casualty Insurance."[1]

---

[1] The Court notes that the current motion uses the class definition that was approved in the August 29, 2018 order granting class certification. However, in the motion seeking preliminary approval of the class action settlement and in the settlement agreement the parties used language which the Court found to be substantially similar and was approved. Further, Plaintiff was ordered to correct the language used on the notice to the class to be consistent with

## B.    Final Approval of Class Action Settlement

The Court next addresses Federal Rule of Civil Procedure 23(e)(2) which requires that any settlement in a class action be approved by the court which must find that the settlement is fair, reasonable, and adequate.   At the final approval stage, the court takes a closer look at the settlement, taking into consideration objections and other further developments in order to make the final fairness determination.  <u>True</u>, 749 F.Supp.2d at 1063.

### 1.    Terms of Settlement Agreement

Defendant has agreed to pay $10,000.00 in statutory damages to the Settlement Class which is comprised of approximately 281 individuals.  (Settlement Agreement and Release of All Claims ("Settlement Agreement") ¶¶ 7, 8, ECF No. 63-6.)  The class members that do not opt out will receive a pro rata share of the settlement fund.  (<u>Id.</u> at ¶ 9(a).)

As stated above, the parties have agreed to settle the claims of a class defined as

> All consumers with an address located in Kern County, California who were sent an initial collection letter and/or notices from Defendant, during the period of May 16, 2016 to present, attempting to collect a consumer debt owed which stated "Re: Mercury Casualty Insurance."

(Settlement Agreement ¶ 5.)

The Class Members who do not opt-out will release and discharge all claims asserted in or that could have been asserted in this action.  (<u>Id.</u> at ¶ 6(A).  This includes all known or unknown claims under federal or California law arising out of Defendant's alleged failure to clearly and concisely identify the current creditor in violation of the Fair Debt Collection Act, 15 U.S.C. § 1692g(a)(2) et seq., and the Rosenthal Fair Debt Collection Act, Cal. Civ. Code § 1788.17, et seq.  (<u>Id.</u> at ¶ 6(A).)  Plaintiff agrees to release all known and unknown claims against Defendant.  (<u>Id.</u> at ¶ 6(B)(C).)

All unclaimed funds, the shares of class members who are unable to be donated and any checks that have not been cashed, will be donated as a *cy pres* award to a charitable organization subject to the Court's approval.  (<u>Id.</u> at ¶ 9(c).)  Plaintiff shall receive statutory damages of

---

that approved in the order granting preliminary approval.  (ECF No. 61 at 8.)

$1,000.00 and a service award of $1,500.00 for a total of $2,500.00.  (Id. at ¶ 9(b).)

Class counsel will receive attorney fees of $36,000.00 to cover all fees and costs associated with the litigation which will not come from the settlement fund.  (Id. at ¶ 10.)

Within twenty days of preliminary approval of the class action settlement, the settlement administrator will mail notices to the class.  (Id. at ¶ 11.)  Class members shall have forty-five days after the notice is mailed to exclude themselves from, or object to the settlement.  (Id. at ¶ 12(a).)[2]  Class members may be excluded from the settlement agreement by opting out within the set time-period.  (Id. at ¶ 12(b).)  Class members were to object by filing an objection with the court and serving a copy of the objection on counsel for the class and the defendant.  (Id. at ¶ 13.)

Defendant shall pay costs and expenses through its insurance carrier to the Class Administrator, including but not limited to, the costs of printing and mailing notice and issuing and mailing settlement checks to the class members.  (Id. at ¶ 16.)

2.  Analysis

The court considers a number of factors in making the fairness determination including: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement."[3]  Lane v. Facebook, Inc., 696 F.3d 811, 819 (9th Cir. 2012) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).  All of these factors will not apply to every class action settlement and one factor alone may prove sufficient grounds for court approval.  Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc. (DIRECTV), 221 F.R.D. 523, 525-26 (C.D. Cal. 2004).  "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the

---

[2] The settlement agreement contains two paragraphs numbered 12.  The Court distinguishes the terms by referring to the first paragraph 12 as 12(a) and the second paragraph 12 as 12(b).

[3] There is no government participant in this matter so this factor is not considered in the analysis.

type(s) of relief sought, and the unique facts and circumstances presented by each individual case." Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982).

### a. The strength of Plaintiffs' case

"An important consideration in judging the reasonableness of a settlement is the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." DIRECTV, 221 F.R.D. at 526 (quoting 5 Moore Federal Practice, § 23.85[2][b] (Matthew Bender 3d. ed.)). The court's role is not to reach any ultimate conclusion on the facts or law which underlies the merits of the dispute as the very uncertainty of the outcome and the avoidance of expensive and wasteful litigation is what induces consensual settlements. Officers for Justice, 688 F.2d at 625. In reality, the reasonable range of settlement is arrived at by considering the likelihood of a verdict for the plaintiff or defendant, "the potential recovery, and the chances of obtaining it, discounted to a present value." Bellinghausen v. Tractor Supply Co., 306 F.R.D. 245, 255 (N.D. Cal. 2015) (quoting Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 965 (9th Cir. 2009)).

This action is based on Plaintiff's claim that the letters sent to the class members violate the FDCPA and the RFDCPA by failing to accurately identify the creditor. (ECF No. 1.) Plaintiff argues that, while this case is not complex, the likelihood of success at trial is uncertain. Plaintiff contends that the claims and defenses involve complex issues and Defendant has raised several defenses to Plaintiff's individual claims that it avers would ultimately have defeated the claims of the class.

The settlement in this action provides the class members with substantial relief now; and given the uncertainty of ultimate success at trial, the proposed settlement provides the parties with a fair resolution of the issues presented which weighs in favor of settlement.

### b. The risk, expense, complexity, and likely duration of further litigation

"In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." DIRECTV, 221 F.R.D. at 526 (quoting 4 A Conte & H. Newberg, Newberg on Class Actions, § 11:50 at 155 (4th ed. 2002)). Absent settlement this action, the parties would continue to engage in discovery, motions

for summary judgment, and trial which would have likely required experts to be hired. These costs could exceed the maximum recovery in the action.

Further, if this action were to proceed to trial, the class would be subjected to the risk of receiving less recovery or being denied any recovery in this action. Resolving the action at this time saves the parties the expense of conducting further litigation and confers substantial benefit to the class without being subjected to the risks inherent with proceeding to trial of the matter.

The risks inherent in continuing to litigate this action, the additional expenses that would be incurred were this action to proceed, and the complexity of this action weigh in favor of settlement.

**c.     The amount offered in settlement**

Defendants have offered to settle this action for $10,000.00, with administration costs, attorney fees, and the class incentive award to be paid separately. The FDCPA limits damages to the lesser of $500,000.00 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). The settlement amount agreed upon is likely to be in excess of one percent of Defendant's net worth; and therefore, the class is receiving more than they would be entitled to if this action were to proceed to trial.

The fact that the class is receiving more than they would be entitled to if this action proceeded to trial weighs heavily in favor of approving the settlement. Here, each class member will be receiving an award of $35.84 under the settlement agreement. This award to each class member is within the range of comparable actions. See Salazar v. Midwest Servicing Grp., Inc., No. CV 17-0137 PSG (KSX), 2018 WL 4802139, at *4 (C.D. Cal. Oct. 2, 2018) (approving award of $20.00); Harper v. Law Office of Harris & Zide LLP, No. 15-CV-01114-HSG, 2017 WL 995215, at *4 (N.D. Cal. Mar. 15, 2017) (approving award of $10.00); Schuchardt v. Law Office of Rory W. Clark, 314 F.R.D. 673, 683 (N.D. Cal. 2016) (approving award of $15.10); Lambeth v. Advantage Fin. Servs., LLC, No. 1:15-CV-33-BLW, 2015 WL 4624008, at *3 (D. Idaho Aug. 3, 2015) (approving settlement where class members received no monetary award with a *cy pres* award of $5,000.00).

The Court finds that the amount offered in settlement of this action weighs in favor of

approving the settlement.

**d.      The stage of the proceedings**

A settlement that occurs in an advanced stage of the proceedings indicates that the parties have carefully investigated the claims before resolving the action.  Ontiveros v. Zamora, 303 F.R.D. 356, 370 (E.D. Cal. 2014).  The settlement in this action occurred approximately eight months after discovery commenced in this action.  (ECF Nos. 13, 26.)  In considering the fairness of the settlement, the court's focus is on whether "the parties carefully investigated the claims before reaching a resolution."  Ontiveros, 303 F.R.D. at 371

In this action, the parties went beyond informal discovery and participated in formal discovery, including written discovery and depositions.  Plaintiff argues that they exchanged sufficient information to gauge the strengths and weaknesses of their claims and defenses.  Here, the discovery allowed Plaintiff to determine the size of the class and Defendant's net worth which provided significant information to determine that settlement of this action would be in the best interest of the class.

The fact that the parties believe they engaged in sufficient discovery to weigh the merits of the action weighs in favor of approving the class action settlement.

**e.      The experience and views of counsel**

The Court is to accord great weight to the recommendation of counsel because they are aware of the facts of the litigation and in a better position than the court to produce a settlement that fairly reflects the parties' expected outcome in the litigation.  DIRECTV, 221 F.R.D. at 528. Class counsel is experienced in class action litigation and has opined that the settlement agreement in this action is fair, reasonable and adequate to the members of the class.  (Marcus Decl. ¶ 7.)  This weighs in favor of approving the class action settlement.

**f.      The reaction of the class members to the proposed settlement**

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."  DIRECTV, 221 F.R.D. at 529.  The class here consist of 279 class members.  (Marcus Decl. ¶ 9; Egan Decl. ¶ 5; Hughes Affidavit ¶ 7.)  No class

members have filed objections or opted out of the class. (Supp. Marcus Decl. ¶ 3; Egan Decl. ¶ 6; Hughes Affidavit ¶¶ 13, 14.) The absence of any objections is compelling evidence that the settlement is fair, adequate and reasonable. DIRECTV, 221 F.R.D. at 529. The absence of class members opting out of the class and the absence of objections by class members weighs in favor of settlement.

### g. Risk of collusion

The Ninth Circuit has provided examples of signs that a settlement is the product of collusion between the parties, such as "(1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded; (2) when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds . . .; and (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." In re Bluetooth, 654 F.3d at 947.

Here, none of the signs of collusion are present. The class in this action is receiving more than they would receive had they proceeded to trial and class counsel is seeking an award that will not come from the settlement fund. Additionally, the unclaimed funds in this action do not revert to the defendants, but shall be distributed to a *cy pres* beneficiary. This supports the finding that there was no collusion between the parties in reaching the agreement.

### h. The factors weigh in favor of approving the class and collective action settlement

After considering the foregoing factors, the Court finds that the settlement is fair, adequate, and reasonable pursuant to Rule 23(e). Further, the Court finds no evidence that the settlement is the result of any collusion between the parties. In re Bluetooth, 654 F.3d at 946–47.

### C. *Cy Pres* Award

Any unclaimed funds will be distributed to a *cy pres* beneficiary. Since most class action settlements result in unclaimed funds a plan is required for distributing the unclaimed funds. Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1305 (9th Cir. 1990). The alternatives available are *cy pres* distribution, escheat to the government, and reversion to

the defendants.  <u>Six Mexican Workers</u>, 904 F.2d at 1307.  *Cy pres* distribution allows the distribution of unclaimed funds to indirectly benefit the entire class.  <u>Id.</u> at 1305.  This requires the *cy pres* award to qualify as "the next best distribution" to giving the funds directly to the class members.  <u>Dennis v. Kellogg Co.</u>, 697 F.3d 858, 865 (9th Cir. 2012).  "Not just any worthy charity will qualify as an appropriate *cy pres* beneficiary[,]" there must be "a driving nexus between the plaintiff class and the *cy pres* beneficiary."  <u>Dennis</u>, 697 F.3d at 865 (quoting <u>Nachshin v. AOL, LLC</u>, 663 F.3d 1034, (9th Cir. 2011)).  "A *cy pres* award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members and must not benefit a group too remote from the plaintiff class."  <u>Dennis</u>, 697 F.3d at 865 (internal punctuation and citations omitted).  The *cy pres* award must "be tethered to the objectives of the underlying statutes or the interests of the class members."  <u>Koby v. ARS Nat'l Servs., Inc.</u>, 846 F.3d 1071, 1080 (9th Cir. 2017).

Plaintiff has designated Greater Bakersfield Legal Assistance Inc. ("GBLA") as the *cy pres* beneficiary to receive any unclaimed funds.  GBLA offers free legal services in civil matters to eligible low-income residents of Kern County.  Plaintiff argues that the work provided by GBLA correlates with this matter which arose out of a debt collector attempting to collect a civil debt from Kern County consumers.

GBLA serves consumers in Kern County and the class in this action are Kern County consumers.  The FDCPA was enacted to promote the informed use of credit by consumers.  15 U.S.C. § 1601.  The Court finds that the required nexus is present in that GBLA is providing legal services to low income residents of Kern County through a variety of programs addressing housing issues, access to justice in rural areas, and providing education to residents in Kern County.  <u>See</u> https://www.gbla.org/services/ (last visited 2/11/19).  The Court finds that GBLA is an appropriate *cy pres* beneficiary.

### D.    Class Representative Enhancement Payments

The class representative is seeking an enhancement payment of $1,500.00 in addition to a statutory award of $1,000.00   In assessing the appropriateness of class representative enhancements or incentive payments, the Court must consider factors such as the actions the

plaintiffs took to protect the interests of the class, the degree to which the class has benefitted, the amount of time and effort the plaintiff expended in pursuing litigation, and any notoriety or personal difficulties encountered by the representative plaintiff. Khanna v. Intercon Sec. Systems, Inc., No. 2:09-cv-2214 KJM EFB, 2014 WL 1379861, at *10 (E.D. Cal. Apr. 8, 2014); Reibstein v. Rite Aid Corp., 761 F. Supp. 2d 241, 257 (E.D. Penn. 2011); see also Staton v. Boeing Co., 327 F.3d 938, 975-77 (9th Cir. 2003).

In prior orders the Court has stated that "[a]n individual who joins his claims with those of a class 'disclaim[s] any right to a preferred position in the settlement [of those claims].' " In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig. ("In re Toys R Us"), 295 F.R.D. 438, 470 (C.D. Cal. 2014) (quoting Razilov v. Nationwide Mut. Ins. Co., No. 01–CV–1466–BR, 2006 WL 3312024, *4 (D. Or. Nov. 13, 2006). "An incentive award may be appropriate when a class representative will not gain any benefit beyond that he would receive as an ordinary class member." In re Toys R Us, 295 F.R.D. at 472. Plaintiff was advised in the order preliminarily approving the class action settlement that as she "is receiving a benefit beyond that of the other class members by receiving her full statutory benefit award, this factor will weigh heavily against granting an incentive award in this matter." (ECF No. 61 at 9.)

In this instance, Plaintiff continues to request both the statutory damages of $1,000.00 and an enhancement award of $1,500.00. (ECF No. 63-1 at 21.) As the Court has previously informed Plaintiff, she does not have a right to a preferred position in the settlement of the class claims. Therefore, the Court will not award her full statutory damages of $1,000.00 and an incentive award where the individual class members are only receiving $35.84.

Plaintiff states that she has participated in this case since its inception. (Decl. of Teri Brown ¶ 3, ECF No. 63-3.) She reviewed the complaint prior to it being filed, answered questions posed by counsel, discussed the case with counsel during the litigation, and participated in extensive settlement discussion. (Id. at 7.) Plaintiff's participation in this action is generally similar to that of any litigant that has brought a civil action.

The Ninth Circuit has told district courts to carefully scrutinize incentive awards to ensure that they do not undermine the adequacy of the class representative. Radcliffe, 715 F.3d

at 1163. "Where a class representative supports the settlement and is treated equally by the settlement, 'the likelihood that the settlement is forwarding the class's interest to the maximum degree practically possible increases.' But if 'such members of the class are provided with special 'incentives' in the settlement agreement, they may be more concerned with maximizing those incentives than with judging the adequacy of the settlement as it applies to class members at large.' " Id. (quoting Staton, 327 F.3d at 977). However, the Ninth Circuit has also held that the incentive payments to the class representative by themselves do not create an impermissible conflict between the class members and the class representatives. In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 943 (9th Cir. 2015).

Here, Plaintiff has prosecuted this action on behalf of the class and by her actions the class members have received a monetary benefit they would not otherwise have received. This action was filed on May 16, 2017; and originally the parties reached a settlement agreement on March 22, 2018, which the Court found was not a fair, adequate and reasonable settlement of the class claims. (ECF Nos. 1, 30, 38.) After Plaintiff filed an unopposed motion for class certification which was granted, a settlement agreement was reached on September 27, 2018. (ECF Nos. 50, 51, 52, 55.)

While this action has resulted in a settlement of the class claims, Plaintiff has not demonstrated that she took action to protect the interests of the class beyond what would normally be incurred in litigation, nor has she addressed the degree to which the class has benefitted, the amount of time and effort she expended in pursuing litigation, and any notoriety or personal difficulties she encountered. Khanna, 2014 WL 1379861, at *10; Reibstein, 761 F.Supp.2d at 257.

An award of $1,000.00 is commonly awarded to the lead plaintiff for their efforts in FDCPA cases. See Salazar, 2018 WL 4802139, at *8 (collecting cases); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 976 (9th Cir. 2008) (class representative awarded $1,000.00 in actual and statutory damages). Based on Plaintiff's efforts as the class representative in this action, the Court finds that an incentive award of $1,500.00 would be appropriate. Based on Plaintiff's actions on behalf of the class in this action, Plaintiff is awarded $1,500.00 for her actions in

1   representing the class.

2        **E.    Attorney Fees and Costs**

3        Plaintiff is seeking $36,000.00 in attorney fees and expenses which are to be paid

4   directly by Defendant, outside of the settlement fund. Defendant does not oppose the request.

5        In a certified class action, reasonable attorney fees and costs may be awarded where they

6   are authorized by law or the parties' agreement. Fed. R. Civ. P. 23(h). Under the FDCPA, a

7   successful plaintiff is entitled to reasonable attorney fees and costs. 15 U.S.C. § 1692k(a)(3).

8   "The FDCPA's statutory language makes an award of fees mandatory." <u>Camacho</u>, 523 F.3d at

9   978.

10        Even where the parties have agreed to the attorney fee award, "courts have an

11   independent obligation to ensure that the award, like the settlement itself, is reasonable[.]" <u>In re</u>

12   <u>Bluetooth</u>, 654 F.3d at 941. "The reasonableness of any fee award must be considered against

13   the backdrop of the 'American Rule,' which provides that courts generally are without

14   discretion to award attorneys' fees to a prevailing plaintiff unless (1) fee-shifting is expressly

15   authorized by the governing statute; (2) the opponents acted in bad faith or willfully violated a

16   court order; or (3) 'the successful litigants have created a common fund for recovery or

17   extended a substantial benefit to a class.' " <u>Id.</u> (quoting <u>Alyeska Pipeline Serv. Co. v.</u>

18   <u>Wilderness Soc.</u>, 421 U.S. 240, 275 (1975)).

19        There is no dispute that the plaintiff is entitled to reasonable attorney fees in this action as

20   the prevailing party. However, "[i]n a class action, the district court 'must exercise its inherent

21   authority to assure that the amount and mode of payment of attorneys' fees are fair and proper.' "

22   <u>Parkinson v. Hyundai Motor America</u>, 796 F.Supp.2d 1160, 1170 (C.D. Cal. 2010) (quoting

23   <u>Zucker v. Occidental Petrol. Corp.</u>, 192 F.3d 1323, 1328–29 (9th Cir. 1999)). In the Ninth

24   Circuit, courts typically calculate twenty-five percent of the common fund as the "benchmark"

25   for a reasonable fee award providing adequate explanation in the record for any special

26   circumstances that justify departure. <u>In re Bluetooth</u>, 654 F.3d 935, 942 (9th Cir. 2011). The

27   amount involved and the results obtained are relevant to the reasonableness of the fee award.

28   <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 430 (1983).

In this instance, the fee award is not coming from the common fund, but the parties have agreed that the fee award is to be paid separate from the fund. Therefore, the Court uses the "lodestar" method to determine the reasonableness of the attorney fees. The "lodestar" approach calculates attorney fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. <u>Gonzalez v. City of Maywood</u>, 729 F.3d 1196, 1202 (9th Cir. 2013); <u>Camacho</u>, 523 F.3d at 978.

1.  <u>Reasonable Hourly Rate</u>

Plaintiff is requesting an hourly rate of $425.00 for Mr. Marcus and $375.00 for Mr. Yelman. (ECF No. 62-2 at 7.) Plaintiff contends that these hourly rates are in line with the hourly rates of consumer attorneys in the Eastern District of California as seen in the 2015-2016 United States Consumer Law Attorney Fee Survey Report.

The loadstar amount is to be determined based upon the prevailing market rate in the relevant community. <u>Blum v. Stenson</u>, 465 U.S. 886, 896 (1984). The "relevant legal community" for the purposes of the lodestar calculation is generally the forum in which the district court sits. <u>Gonzalez</u>, 729 F.3d at 1205. It is the moving party's burden to establish that requested rates are in line with those prevailing in the community for similar services by attorneys of reasonably comparable skill, experience, and reputation. <u>Jadwin v. County of Kern</u>, 767 F.Supp.2d 1069, 1124 (E.D. Cal. 2011). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." <u>Chaudhry v. City of Los Angeles</u>, 751 F.3d 1096, 1110-11 (9th Cir. 2014) cert. denied sub nom. <u>City of Los Angeles, Cal. v. Chaudhry</u>, 135 S. Ct. 295, 190 L. Ed. 2d 141 (2014) (quoting <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990)). "Once a fee applicant presents such evidence, the opposing party 'has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.' " <u>Chaudhry</u>, 751 F.3d at 1110-111 (quoting <u>Camacho</u>, 523 F.3d at 980).

While Plaintiff argues that the requested fees are consistent with attorney fees in the

Eastern District of California, the relevant community here is the Fresno Division of the Eastern District of California. Plaintiff relies on the United States Consumer Law Attorney Fee Survey Report for 2015-2016. See https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf. While the document addresses attorney fees within the State of California, and median rates for practice areas for the Northern, Southern, Eastern, Western, and Central areas of the state, it does not address the "relevant legal community" here, which is the market within the Fresno Division of the Eastern District of California. Jadwin, 767 F.Supp.2d at 1129; Barkett v. Sentosa Properties LLC, No. 1:14-CV-01698-LJO, 2015 WL 5797828, at *4 (E.D. Cal. Sept. 30, 2015).

Plaintiff also includes as an exhibit an order awarding fees out of the District of New Jersey and argues amounts that were awarded in cases from the District of New Jersey and the District of Delaware. (ECF No. 62-2 at 7; ECF No. 62-3 at 8; ECF No. 62-6.) However, none of the awards in these cases address the relevant legal community here. Plaintiff has not set forth any evidence that the fees requested are in line with the relevant legal community of the Fresno Division of the Eastern District of California. Therefore, the court may rely on its own knowledge of customary legal local rates and experience with the legal market in setting a reasonable hourly rate. Ingram v. Oroudjian, 647 F.3d 925, 926 (9th Cir. 2011).

Mr. Marcus has been practicing law since November 2010. (Decl. of Ari H. Marcus, Esq. in Support of Application for Attorney's Fees ("Marcus Decl.") ¶ 2, ECF No. 62-3.) Mr. Zelman has been licensed to practice law since November 2013. (Decl. of Yitzchak Zelman Esq. in Support of Motion for Attorney Fees ("Zelman Decl.") ¶ 2, ECF No. 62-2.) Both Mr. Marcus and Mr. Zelman are founding members of the law firm and have experience in litigating complex consumer class action. (Marcus Decl. ¶¶ 1, 4; Zelman Decl. ¶¶ 1, 3.) Their current practice focuses solely on the representation of consumers. (Marcus Decl. ¶ 5; Zelman Decl. ¶ 4.)

"The 'current reasonable range of attorneys' fees' for cases litigated in the Eastern District of California's Fresno division 'is between $250 and $400 per hour.' " Phillips 66 Co. v. California Pride, Inc., No. 1:16-CV-01102-LJO-SKO, 2017 WL 2875736, at *15 (E.D. Cal. July 6, 2017), report and recommendation adopted, No. 1:16-CV-01102-LJO-SKO, 2017 WL

3382974 (E.D. Cal. Aug. 7, 2017) (quoting Barkett, 2015 WL 5797828, at *5); Silvester v. Harris, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17, 2014). Within this range, "the highest rates [are] generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience." Phillips 66 Co., 2017 WL 2875736, at *15 (citations omitted).

Here, Mr. Marcus has been practicing since November 2010 providing him with approximately eight years of experience. (Marcus Decl. ¶ 2.) Courts in the Eastern District of California, Fresno Division, have found that the reasonable hourly rates for competent attorneys with less than fifteen years of experience are $250 to $380 per hour. Hall v. FCA US LLC, No. 1:16-CV-0684-JLT, 2018 WL 2298431, at *7 (E.D. Cal. May 21, 2018). An award of $300 per hour "is the upper range for competent attorneys with approximately a decade of experience." Barkett, 2015 WL 5797828, at *5; see Hall, 2018 WL 2298431, at *7 (awarding attorney with 15 years of experience $300 per hour, attorney with 13 years of experience $275, attorney with ten years of experience $250 per hour in consumer action; Valentin v. Grant Mercantile Agency, Inc., No. 1:17-CV-01019-AWI-SKO, 2017 WL 6604410, at *11 (E.D. Cal. Dec. 27, 2017) (awarding attorneys with four and eight years of experience $275 in an FDCPA action). Based on the survey of attorney fees in the Fresno Division and the Court's own knowledge, the Court finds that $300 is a reasonable hourly rate for Mr. Marcus.

Mr. Zelman has been practicing since November 2013 providing him with approximately five years of experience. (Zelman Decl. ¶ 2.) This Court has previously found that a reasonable rate for an attorney with approximately seven to eight years of experience is $220 to $225 per hour. In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 842-43 (E.D. Cal. 2016); see also Michaccio v. Hatfield Portfolio Grp., LLC, No. 1:17-CV-00687-LJO-JLT, 2018 WL 1919193, at *8 (E.D. Cal. Apr. 24, 2018) (awarding attorney with two years' experience $150 in FDCPA action); Hall, 2018 WL 2298431, at *7 (awarding attorneys with 7 and 5 years of experience $225 per hour in consumer action). The Court finds that $225 is a reasonable hourly rate for Mr. Zelman's efforts in this action.

///

2.      Hours Reasonably Expended

Plaintiff seeks 71.8 hours for time expended in this action by Mr. Marcus and 29.9 hours for time expended by Mr. Zelman.  (Zelman Decl. ¶ 33, ECF No. 62-2; Marcus Decl. ¶ 36, ECF No. 62-3.)

The Court has reviewed the timesheets submitted by Mr. Marcus and Mr. Zelman and finds the hours expended to be reasonable with the following exception.  Mr. Marcus has bill for an estimated 10 hours to travel and attend the motion hearing and finalize class administration.  As the hearing in this matter has been vacated, time to travel and attend the hearing shall be deducted from the hours expended.  The Court finds that two hours of time is a reasonable estimate to finalize the class administration.  Therefore, eight hours shall be deducted from the time of Mr. Marcus.

Accordingly, the Court shall approve 63.8 hours for Mr. Marcus' time expended in this action and 29.9 hours for Mr. Zelman's time expended in this action.

3.      Evaluation of the Kerr Factors

In determining a reasonable fee, the Court takes into account the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases (hereinafter referred to as the "Kerr factors").  McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995).  The district court may also make upward or downward adjustments to the lodestar based on consideration of the Kerr factors.  Gates v. Deukmejian, 987 F.2d 1392, 1402 (9th Cir. 1992).

Class counsel are both experienced attorneys well versed in litigation class actions under the FDCPA.  Class counsel have devoted 93.7 hours to this class action.  Class counsel assumed

the risk of being uncompensated for the time that was spent litigating this action. Counsel conducted discovery and negotiated an excellent result for the class. The class is recovering more than they potentially would have if this action had proceeded to trial due to Defendant settling for more than the statutory limit for damages.

This action has been proceedings since May 2017 and counsel has litigated two motions for class certification, one which was opposed, and has filed two motions for preliminary approval of the class action settlement. Although the issues are not complex, this is a class action which has settled the claims of hundreds of class members.

The class members received notice of the fee request, and no class member objected to the amount requested or the request for reimbursement of costs. Therefore, the fee request appears to have the support of the class. The Court finds that the fees requested in this action are reasonable as addressed above. The Court awards attorney fees of $25,867.50.

4.  Expenses

Class counsel has also expended $2,097.60 in expenses in this matter. ((Zelman Decl. ¶ 36, ECF No. 62-2; Marcus Decl. ¶ 39; ECF No. 62-3.ECF No. 62-5 at 3.) "[A]n award of expenses should be limited to typical out-of-pocket expenses that are charged to a fee paying client and should be reasonable and necessary." In re Immune Response Sec. Litig., 497 F.Supp.2d 1166, 1177 (S.D. Cal. 2007). Here, the Court has reviewed the expenses and finds that they were reasonably expended in this action.

5.  Award of Attorney Fees and Expenses

To obtain the reasonable attorney fees in this action, the court multiplies the hours reasonably expended by the reasonable hourly rate.

| | | | |
|---|---|---|---|
| Mr. Marcus | 63.8 hours | $300.00 per hour | $19,140.00 |
| Mr. Zelman | 29.9 hours | $225.00 per hour | $6,727.50 |

Total attorney fees awarded in this action are $25,867.50.

The Court awards attorney fees of $25,867.50 and expenses of 2,097.60 for a total of $27,965.10. The Court finds that this is reasonable compensation for the time expended by class counsel in this action.

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for final approval of class action settlement is GRANTED;

2. Plaintiff's motion for class counsel's attorney fees and expenses is GRANTED IN PART AND DENIED IN PART;

3. The Court approves the settlement amount of $10,000.00 and the parties and settlement administrator are directed to implement this Final Order and the settlement agreement in accordance with the terms of the settlement agreement;

4. Greater Bakersfield Legal Assistance, Inc. is approved as the *cy pres* beneficiary to receive any undistributed settlement funds in this action;

5. The Court approves an incentive award of $1,500.00 to the class representative;

6. The Court approves attorney fees and expenses of $27,965.10 to class counsel; and

7. The parties are further directed to file a stipulated final judgment by March 1, 2019.

IT IS SO ORDERED.

Dated:   **February 13, 2019**                                    _____

                                                                                        UNITED STATES MAGISTRATE JUDGE