# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN NEIL AND ASSOCIATES, INC.,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00675-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND VACATING MARCH 27, 2019 HEARING<br><br>(ECF No. 70)<br><br>FOURTEEN DAY DEADLINE |

On February 14, 2019, an order issued granting a joint motion for final approval of a class action settlement and granting in part and denying in part Plaintiff's counsel's motion for attorney fees. (ECF No. 69.) On February 25, 2019, Plaintiff filed a motion for reconsideration of the order granting in part and denying in part the motion for attorney fees.

The Court has reviewed the moving papers and finds this matter suitable for decision without oral argument. *See* Local Rule 230(g). Accordingly, the March 27, 2019 hearing shall be vacated and the parties need not appear at that time.

## I.

## LEGAL STANDARD

Requests for reconsideration are also governed by Local Rule 230(j) which provides that a party seeking reconsideration must set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion."

1

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal punctuation and citations omitted); see also Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice.") Generally, courts refuse to reopen what has already been decided and will do so only where the initial decision was "clearly erroneous and would work a manifest injustice." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). Ultimately, the decision on a motion for reconsideration lies in the sound discretion of the court. Navajo Nation, 331 F.3d at 1046.

## II.

## DISCUSSION

Here, Plaintiff contends that the Court erred by finding that the United States Consumer Law Survey Report for 2015-2016 does not address the relevant community here which is the Fresno Division of the Eastern District of California. (ECF No. 69 at 17.) Plaintiff argues that the report does reflect attorney rates for Fresno, California pointing to page 181 of the report. See United States Consumer Law Survey Report for 2015-2016, located at https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf, page 181, last visited on March 8, 2019. Courts in this district have disagreed as to the appropriateness of considering the United States Consumer Law Survey Report in determining fee awards. Davis v. Hollins Law, 25 F.Supp.3d 1292, 1299 (E.D. Cal. 2014). A number of the courts declining to do originate in this judicial district. Id.

The Court has reviewed the report to determine if it is competent evidence of what the reasonable attorney rates are in the Fresno Division of the Eastern District of California. The report states that the data was collected by contacting members of the National Association of Consumer Advocates and the National Association of Consumer Bankruptcy Attorneys and

Consumer law attorneys who invited to participate in the survey. United States Consumer Law Survey Report for 2015-2016 at 12. The entire national membership of these groups were invited to participate in the survey and invitations to participate were randomly sent to attorney's identified through court filings and bar associations. Id.

> Data is presented for all of the United States and the geopolitical areas of the District of Columbia, Puerto Rico and the U.S. Virgin Islands. Some survey data quantities allowed for greater analysis reporting than other geographic areas because not all reported at high levels of data responses. In almost all table fields, survey participation yielded sufficient data for reliable analysis without inference. In the State Summary Tables, the minimum state participation level was 5 survey participants for analyses to be performed. In the Metropolitan Summary Tables, the minimum greater metropolitan participation level was 3 survey participants for analyses to be performed. In a Median Rate for Practice Areas table, if one field had no survey participant then the remaining six other practice area fields in that table would be considered and the median result entered in the field that had insufficient participation.

Id. at 13.

According the the Consumer Law Survey Report the average hourly rates in Fresno are as follow:

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 244 |
| 1-3 | 300 |
| 3-5 | 300 |
| 6-10 | 400 |
| 11-15 | 463 |
| 16-20 | 500 |
| 21-25 | 550 |
| 26-30 | 550 |
| 31-35 | 550 |
| 36-40 | 700 |
| 41+ | 500 |

Id. at 182.

Based on review of the report, the Court finds that it is not competent evidence of the reasonable hourly rates for attorneys in the Fresno Division of this Court for the following

3

reasons. First, while the report states that more than 4,153 fields of data calculation were included in the survey, the Court finds no information regarding the number of attorneys that participated in the survey, or particularly relevant, the number of responses, *if any*, that were from attorneys that are practicing in the Fresno Division of the Eastern District of California. Responses from attorneys practicing in other regions of the country or even the state are not competent evidence of the hourly rates for attorneys in the Fresno Division.

Secondly, the Court notes that the report states that where two metropolitan areas are near each other the rates can be found to be comparable. Id. at 362. Significantly, the rates listed for Fresno are similar to and in some instances higher than attorney fee rates in San Francisco, California as set forth below.

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|:---:|:---:|
| <1 | 300 |
| 1-3 | 250 |
| 3-5 | 293 |
| 6-10 | 396 |
| 11-15 | 495 |
| 16-20 | 520 |
| 21-25 | 525 |
| 26-30 | 564 |
| 31-35 | 494 |
| 36-40 | 644 |
| 41+ | 500 |

Id. at 190.

Review of the hourly rates in Los Angeles demonstrates a similar result.

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|:---:|:---:|
| <1 | 300 |
| 1-3 | 258 |

4

| | |
|---|---|
| 3-5 | 267 |
| 6-10 | 386 |
| 11-15 | 425 |
| 16-20 | 496 |
| 21-25 | 534 |
| 26-30 | 560 |
| 31-35 | 619 |
| 36-40 | 645 |
| 41+ | 450 |

Id. at 184.

Based on the Court's experience with attorney fee motions from attorneys seeking fees from these two metropolitan areas, the Court is aware that hourly rates in San Francisco and Los Angeles are significantly higher than the hourly rates in the Fresno Division. See Sanchez v. State of California, No. 1:12-cv-01835-SAB (E.D. Cal. July 15, 2015) (motion for attorney fees); In re Taco Bell, No. 1:07-cv-01314-SAB (E.D. Cal. July 15, 2016) (order granting in part and denying in part motion for attorney fees); Estate of Stephen E. Crawley v. Kings County, No. 1:13-cv02042-LJO-SAB (E.D. Cal. July 24, 2015) (rejecting fee request based on award from Central District of California); Williams v. Ruan Transport Corporation, No. 13-cv-01157-LJO-SAB (E.D. Cal. Jan. 6, 2014) (finding fees in Northern District of California did not establish reasonable hourly rate in this division). While the fees may be reflective of the hourly rates in Los Angeles or San Francisco due to the higher cost of living in those areas, Bratton v. FCA US LLC, No. 17-CV-01458-JCS, 2018 WL 5270581, at *4 (N.D. Cal. Oct. 22, 2018), the Court finds that the report is not competent evidence to establish the rates in the Fresno Division.

Plaintiff argues that the report has been accepted by courts in this district, specifically the Sacramento Division of the Eastern District, citing Davis. However, rates in the Sacramento Division of the Eastern District are more similar to those in San Francisco due to their proximity. Further, the Court respectfully disagrees with the Davis holding that fees in a division should be inflated to ensure that attorney's are not discouraged from bringing meritorious lawsuits. Davis,

1  25 F.Supp.3d at 1300.  The law provides for a method by which an attorney can seek fees based
2  on his locality rather than the relevant community.  <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405
3  (9th Cir. 1992).  Reasonable hourly rates are determined by the local community and many
4  things factor into this, including the cost of living in the community.  Here, hourly rates in
5  Fresno are less than the larger metropolitan areas such as Los Angeles and San Francisco in part
6  because Fresno is much more affordable.  The Court finds no reason to artificially inflate
7  attorney hourly rates in this division without counsel demonstrating that higher fees are required
8  because local counsel was not available.  <u>Gates</u>, 987 F.2d at 1405.

9  In establishing a reasonable hourly rate, the party seeking attorney fees should submit
10 evidence of the hours worked and the rates sought.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433
11 (1983).  "[T]he fee applicant has the burden of producing 'satisfactory evidence' that the rates he
12 requests" are reasonable hourly rates based on the experience, skill, and reputation of an attorney
13 in the forum in which the district court sits.  <u>Gonzalez v. City of Maywood</u>, 729 F.3d 1196, 1206
14 (9th Cir. 2013).  Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing
15 fees in the relevant community, and rate determinations in other cases, particularly those setting
16 a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.
17 <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1214 (9th Cir. 1986), opinion amended on
18 denial of reh'g, 808 F.2d 1373 (9th Cir. 1987).

19 Here, the Court finds that the Consumer Law Survey Report is not competent evidence of
20 the reasonable hourly rate for attorneys in the Fresno Division of the Eastern District of
21 California for the reasons discussed.  <u>See</u> also <u>Rubenstein v. Nat'l Recovery Agency, Inc.</u>, No.
22 2:11-CV-06680-ODW, 2012 WL 1425144, at *3 (C.D. Cal. Apr. 25, 2012) (finding report highly
23 suspect).  Plaintiff has submitted no evidence on the reasonable hourly rates for attorney's within
24 the Eastern District of California and the Court did not err in relying on its knowledge of
25 customary legal local rates and experience with the legal market in setting a reasonable hourly
26 rate.  <u>Ingram v. Oroudjian</u>, 647 F.3d 925, 926 (9th Cir. 2011).

27 The Court reviewed recent decisions awarding attorney fees in similar cases and found
28 that given the experience and skill of counsel in this matter, a reasonable hourly rate for Mr.

Marcus was $300.00 per hour and a reasonable hourly rate for Mr. Zelman was $225.00 per hour. Plaintiff states that due to a clerical error, the court erroneously found that Mr. Zelman had been practicing five years, but he has actually over six years of experience. Regardless of whether Mr. Zelman has five or six years of experience, in this district $225.00 is a reasonable hourly rate. This Court has previously found that a reasonable rate for an attorney with approximately seven to eight years of experience is $220 to $225 per hour. In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 842-43 (E.D. Cal. 2016); see also Hall v. FCA US LLC, No. 1:16-cv-0684-JLT, 2018 WL 2298431, at *7 (E.D. Cal. May 21, 2018) (awarding attorneys with 7 and 5 years of experience $225 per hour in consumer action).

### III.
### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration of the order granting in part and denying in part the motion for attorney fees is DENIED;
2. The March 27, 2019 hearing on the motion is VACATED; and
3. The parties shall file a stipulation of dismissal of this action with fourteen (14) days of the date of entry of this order.

IT IS SO ORDERED.

Dated: __March 12, 2019__

UNITED STATES MAGISTRATE JUDGE