# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN NEIL AND ASSOCIATES, INC.,<br><br>    Defendant. | Case No. 1:17-cv-00675-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE; DISMISSING THE ACTION WITH PREJUDICE; AND DIRECTING CLERK OF THE COURT TO CLOSE THIS MATTER<br><br>(ECF Nos. 72, 73, 74) |

On February 14, 2019, the parties joint motion for final approval of the class action settlement was granted. (ECF No. 69.) On February 25, 2019, Plaintiff filed a motion for reconsideration of the award of attorney fees. (ECF No. 70.) On March 12, 2019, the motion for reconsideration was denied and the parties were ordered to file a stipulation for dismissal of the action within fourteen days. (ECF No. 71.) On April 2, 2019, an order issued requiring the parties to show cause why sanctions should not issue for the failure to file dispositive documents in compliance with the March 12, 2019 order. (ECF No. 72.) On April 5, 2019, the parties filed a response to the order to show cause and a proposed order for final judgment.[1] (ECF No. 73.)

The parties response to the order to show cause informs the Court that an additional four class notices were returned after the final approval order issued. (ECF No. 74 at 2-3.) The class administrator was able to locate addresses for these class members and the delay in filing dispositive documents was due to the parties discussing how to address these late returned notices. The parties seek the Court's advice on whether the class notices should be re-sent or the

---

[1] Although the document is entitled stipulation of final judgment there are no signatures on the document and it is only a proposed order.

1

1 funds should be donated to the *cy press* beneficiary. (Id. at 3.)

An informal teleconference was held to address the late returned notices on April 9, 2019. Counsel Ari Marcus appeared for the class and counsel Gnekow appeared for Defendants. At the informal telephonic conference, the parties stated that the notices that have been returned are from the second notices that were sent after the original notice was returned. New addresses have been discovered for all four class members.

The Supreme Court has held that

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.'

Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314-15 (1950) (citations omitted).

The Federal Rules provide that for "[a]ny class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In Silber v. Mabon, 18 F.3d 1449 (9th Cir. 1994), the Ninth Circuit held that a class member's "due process rights were not violated even though he did not actually receive notice of the settlement and opt out date in time to opt out before the deadline." Silber, 18 F.3d at 1451; see also Juris v. Inamed Corp., 685 F.3d 1294, 1321 (11th Cir. 2012) ("even in Rule 23(b)(3) class actions, due process does not require that class members actually receive notice"). Rule 23(b) requires that notice be the "best practicable" notice. Silber, 18 F.3d at 1454. The rule requires notice that is "is reasonably certain to inform the absent members of the plaintiff class[.]" Silber, 18 F.3d at 1454 (quoting In re Victor Technologies Securities Litigation, 792 F.2d 862, 865 (9th Cir.1986)). The appropriate standard is the "best notice practicable." Silber, 792 F.2d at 1454. "The yardstick against which we measure the sufficiency of notices in class action proceedings is one of reasonableness." Low v. Trump Univ., LLC, 881 F.3d 1111, 1117 (9th Cir. 2018) (quoting In re Bank of Am. Corp., 772 F.3d 125, 132 (2d Cir.

2014)).

In granting the parties' joint motion for preliminary approval of the class action settlement, the Court considered that notice requirement under Rule 23 and found that the parties had proposed the best notice practicable under the circumstances. (See ECF No. 61 at 7-9.) The Court also addressed notice in the order approving the final settlement of this matter.

> Rule 23(c) provides that a class certified under Rule 23(b)(3) must be provided with the best notice that is practicable in the circumstances. Fed. R. Civ. P. 23(c)(2)(B). In this instance, the approved notice was mailed to all 279 potential class members by the settlement administrator on December 11, 2018. (Decl. of Ari Marcus in Support of Final Approval ("Marcus Decl.") ¶ 9, ECF No. 63-2; Egan Decl. ¶ 5; Hughes Affidavit ¶ 7.) Twenty-seven of the notices were returned by the United States Post Office. (Marcus Decl. ¶ 9; Hughes Affidavit ¶¶ 8, 9.) Two had forwarding addresses and were re-mailed. (Marcus Decl. ¶ 9; Hughes Affidavit ¶ 10.) Addresses were located for twenty-one of the remaining class members and the notices were mailed to the new address. (Marcus Decl. ¶ 9; Hughes Affidavit ¶ 11.) Only four class members addresses were unable to be located. (Hughes Affidavit ¶ 12.) The Court finds that the notice was sufficient to comply with Rule 23(c).

(ECF No. 69 at 5:11-21.)

Here, each absent class member was mailed a notice of the class action settlement. Those notices that were returned and for which updated addresses were discovered were re-mailed. Of the twenty-three notices that were re-mailed, four were returned after final approval of the class action settlement was granted. See Frost v. Household Realty Corp., 61 F.Supp.3d 740, 745 (S.D. Ohio 2004) (quoting 5 James Wm. Moore et al., Moore's Federal Practice § 23.101[3] (Matthew Bender 3d ed.2004)) ("a class member who has failed to receive actual notice normally is bound by the judgment, particularly if he or she was sent notice by first-class mail"). In this instance, the time to opt-out of the settlement has passed and final approval of the class action settlement has been granted. The four class members did not receive the class action notice, but the class administrator has obtained new addresses for them. The Court finds that the notice provided has complied with the requirements of Rule 23 and the settlement checks should be mailed to the four class members for whom the notice has been returned.

Additionally, this matter has settled and the settlement funds have been distributed to the class members. Therefore, the Court shall order this action dismissed with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause filed April 2, 2019 (ECF No. 72) is DISCHARGED;
2. The class administrator shall mail the settlement check to the four class members who have had their class notice returned;
3. This action is dismissed with prejudice; and
4. The Clerk of the Court is directed to close this matter.

IT IS SO ORDERED.

Dated: __**April 9, 2019**__

UNITED STATES MAGISTRATE JUDGE